PER CURIAM.
The appellant was the petitioner in this action in which a judgment of dissolution of marriage was entered. Appealing therefrom she contends the trial court erred by denying her claim of special equities in the husband’s interests in their residence premises and in a condominium apartment (for purchase or which they had contracted) owned, or in the case of the condominium to be owned, by the parties as tenants by the entirety, and that the amount ordered to be paid by the husband *746 for child support was less than it should have been in the circumstances. On consideration thereof in the light of the record, briefs and argument, we hold no reversible error has been shown. The court properly denied the wife’s claims of special equity in said properties. See Steinhauer, v. Steinhauer, Fla.App.1971, 252 So.2d 825. It was not demonstrated that the court abused discretion as to the amount ordered awarded for child support.
It appears since the time of the separation of the parties the payments on the mortgage and for necessary repairs on the residence premises have been made by the wife. The judgment is amended to provide that such payments or carrying charges on the said properties shall be paid by the parties equally and that the wife shall have a charge against the husband’s interests therein for one half of such amounts which she shall have paid, on his behalf, subsequent to the date of the separation.
The judgment as amended is affirmed.