448 So.2d 16 (1984)
Martina SCHEIN, Appellant,
v.
Thomas Fred SCHEIN, Appellee.
No. 83-440.
District Court of Appeal of Florida, Third District.
March 13, 1984.
Rehearing Denied April 23, 1984.
*17 Daniels & Hicks and Louis H. McMurray, Miami, for appellant.
Payton & Rachlin and Guy W. Turner and Harry Payton, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
BASKIN, Judge.
In this appeal from a Final Judgment Dissolving Marriage, the wife challenges: the trial court's award of primary custody of the children to the husband; the trial court's award of exclusive possession of the marital residence to the husband; and the trial court's refusal to award her a special equity in funds brought into this country in her name, but determined by the court to belong to the husband. The husband appeals the amount of permanent alimony awarded to the wife.
Concerning the question of custody, we find that the record reveals substantial competent evidence in support of the trial court's decision that the best interests of the children were served by placing them in the father's custody. We therefore affirm on this point. Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975).
Regarding the trial court's denial of a special equity, we hold that the trial court's award to the wife of lump sum alimony of $25,000 and permanent alimony of $2,500 a month is supported by the record and will not be disturbed on appeal. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). The trial court's plan to conduct an equitable distribution of marital assets may not be disturbed in the absence of a demonstration of abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Examining the wife's claim to a special equity in light of the total distribution, we find no merit in her position. Accordingly, we affirm the trial court's distribution of the assets of the parties.
The next challenge is to the award of exclusive possession of the marital residence to the husband. The marital residence consisted of two Key Biscayne condominiums joined into a single residence. During the marriage the parties owned one unit as tenants by the entireties; the husband was sole owner of the other unit. In the final judgment the trial court awarded the husband exclusive possession of the entire residence until the children attain majority, but declared the parties to be tenants in common of the unit they formerly owned by the entireties, requiring the husband to pay the mortgage. The wife asserts that, absent a finding of a duty on her part to support the children, the court erred in awarding the husband rent-free possession of the marital residence. We agree and remand the cause for a determination of the amount of rent to be paid by the husband during the period of his exclusive occupancy. Cf. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980). In addition, the final judgment should be amended to require partition of the residence upon the husband's remarriage, as he conceded to be appropriate.
Affirmed in part; reversed in part; remanded with directions.