449 So.2d 867 (1984)
Clarence Duane CONE, Appellant,
v.
Helen Phillips CONE, Appellee.
No. 83-555.
District Court of Appeal of Florida, Fifth District.
March 29, 1984.
Rehearing Denied May 7, 1984.
*868 Thomas L. West, Daytona Beach, for appellant.
Garrett L. Briggs of Adams & Briggs, Daytona Beach, for appellee.
COWART, Judge.
This case involves exclusive possession of jointly owned property upon dissolution of marriage.
Dissolving a childless marriage of less than three years duration the trial court found the wife had a $14,000 special equity and the husband had a $25,000 special equity in the marital home. The trial court expressly found that the wife was not entitled to either permanent or rehabilitative alimony but awarded the wife the exclusive possession of the home for an unspecified period of time. The judgment provided the wife would be solely liable for mortgage payments, taxes, insurance and other ownership expenses relating to the house and also provided that on its sale she would be entitled to credit for a pro rata share of such expense in proportion to the parties' interest.
We affirm the trial court's findings of fact as to the wife's special equity in the home and as to her ownership of certain personal property in the home but we reverse the provision for exclusive possession.
The two theoretical bases for spousal support upon dissolution of marriage are those supporting rehabilitative and permanent alimony. See Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983). Either of these two species of alimony may be effectuated by one or more of three types or methods of providing such support, viz: periodic payments, a lump sum payment or the providing of support in kind, such as by awarding exclusive possession of property suitable for shelter. However, if upon dissolution of marriage a former spouse is entitled to neither permanent nor rehabilitative alimony *869 such person is not entitled to spousal support in any form.
An award of "exclusive possession" of property upon dissolution of the marriage relationship between joint owners, must either be directly connected with a support obligation[1] or a temporary necessity to protect the value of the property for the benefit of the joint owners. Otherwise, the exclusive possession award unlawfully deprives a joint owner of his right to possess his interest in the property and of his right to partition.[2] The exclusive possession should be for a specified period of time required for the purpose stated. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); Ambrose v. Rayne, 412 So.2d 971 (Fla. 3d DCA 1982). See also Delehant v. Delehant, 442 So.2d 1009 (Fla. 4th DCA 1983). A joint owner of property paying expenses necessarily attendant to the ownership of property is ordinarily entitled to reimbursement from other joint owners for a proportionate share of such expenses. However, a joint owner is likewise entitled to reimbursement for the use value of his interest when excluded and deprived of the joint use and enjoyment of the property by a joint owner under circumstances where such use value is not provided as "payment in kind" to meet some definite legal duty to support an occupant of the property.
AFFIRMED in part; REVERSED in part.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] See Coalla v. Coalla, 330 So.2d 802 (Fla. 2d DCA 1976). See also Baldi v. Baldi, 323 So.2d 592 (Fla. 3d DCA 1975).
[2] See Salyers v. Good, 443 So.2d 152 (Fla. 2d DCA 1983).