PER CURIAM.
The ruling of the trial court is reversed upon a finding that there is no competent, substantial evidence on the record to support its action in this case. Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983); Conner v. Conner, 439 So.2d 887 (Fla.1983); Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Schein v. Schein, 448 So.2d 16 (Fla. 3d DCA 1984).
Reversed.
DANIEL S. PEARSON, Judge, concurring.
I, too, would reverse this final judgment of dissolution of marriage. I would, however, make clear that we are remanding the case for a new final hearing. It appears that the trial court’s displeasure with the wife’s numerous pre-trial changes of counsel caused it to overlook that the wife, despite the trial court’s continued insistence that she obtain counsel, was proceeding without counsel. Of course, the wife was entitled to represent herself and participate in the proceedings, and her silence at the final hearing is hardly an acquiescence in or stipulation to the husband’s evidence.