513 So.2d 1278 (1987)
Pauline S. WEISFELD, Appellant,
v.
David J. WEISFELD, Appellee.
No. 86-2038.
District Court of Appeal of Florida, Third District.
September 8, 1987.
Rehearing Denied November 9, 1987.
*1279 Baldwin & Friedman and Kenneth Friedman, North Miami Beach, for appellant.
Maurice Jay Kutner, Miami, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
NESBITT, Judge.
Mrs. Weisfeld appeals the trial court's final judgment of marriage dissolution awarding Mr. Weisfeld exclusive possession of the parties' marital residence and funds derived from a workers' compensation award. Mr. Weisfeld cross-appeals the restrictions placed upon his exclusive possession. We reverse.
Mr. and Mrs. Weisfeld were married in 1956. Mr. Weisfeld, who practices as a psychologist, was injured in an accident in 1979. His condition deteriorated, and surgery in May 1980 left him paralyzed and confined to a wheelchair. The parties modified their marital residence to accommodate Mr. Weisfeld's condition and to permit him to conduct his practice from the home. In 1981, Mr. Weisfeld received a workers' compensation award of $150,000 for his injury. In 1983, Mrs. Weisfeld filed a petition for dissolution of the marriage. The trial court dissolved the marriage. At the time of the final judgment, Mr. Weisfeld was earning $990 per month in disability payments, $1,300 per month from his private practice and $9,300 per year from investments. Mrs. Weisfeld was earning $1,200 per month as a nursery school teacher, and was working towards a master's degree.
In its final judgment, the court awarded Mr. Weisfeld exclusive possession of the marital home to terminate upon his death, remarriage, or cohabitation with a female. *1280 The court also awarded to Mr. Weisfeld funds derived from the workers' compensation award made to him as compensation for his accident. The trial court awarded Mrs. Weisfeld rehabilitative alimony of $100 per week for two years and awarded her $5,000 in attorney's fees.

I. Workers' Compensation Award
Mrs. Weisfeld contends that the trial court erred in holding that the funds derived from Mr. Weisfeld's workers' compensation awards are not marital property subject to equitable distribution. We agree.
Although this appears to be a case of first impression in Florida, many other states have considered this issue and decided that workers' compensation awards, like personal injury awards, may properly be characterized as marital property.[1]Goode v. Goode, 286 Ark. 463, 692 S.W.2d 757 (1985); Lukas v. Lukas, 83 Ill. App.3d 606, 404 N.E.2d 545 (1980); Johnson v. Johnson, 638 S.W.2d 703 (Ky. 1982); Queen v. Queen, 308 Md. 574, 521 A.2d 320 (1987); Smith v. Smith, 113 Mich. App. 148, 317 N.W.2d 324 (1982); Hafner v. Hafner, 406 N.W.2d 590 (Minn. Ct. App. 1987); In re Marriage of Blankenship, 682 P.2d 1354 (Mont. 1984); Hughes v. Hughes, 132 N.J. Super. 559, 334 A.2d 379 (1975); Orszula v. Orszula, 356 S.E.2d 114 (S.C. 1987); Patt v. Patt, 689 S.W.2d 505 (Tex. Ct. App. 1985); B. Goldberg, Valuation of Divorce Assets § 12.10 (1984 & Supp. 1987); L. Golden, Equitable Distribution of Property §§ 6.24-27 (1983); see Elser & Anton, Distribution of Personal Injury Awards upon Divorce, 56 Fla.B.J. 552 (1982); see also Campbell v. Campbell, 255 Ga. 461, 339 S.E.2d 591 (1986) (personal injury award); In re Marriage of Burt, 144 Ill. App.3d 177, 98 Ill. Dec. 746, 494 N.E.2d 868 (1986) (same); Van De Loo v. Van De Loo, 346 N.W.2d 173 (Minn. Ct. App. 1984) (same); Trapani v. Trapani, 684 S.W.2d 500 (Mo. Ct. App. 1984) (same); Johnson v. Johnson, 317 N.C. 437, 346 S.E.2d 430 (1986) (same); Landwehr v. Landwehr, 200 N.J. Super. 56, 490 A.2d 342 (1985) (same); Platek v. Platek, 309 Pa.Super. 16, 454 A.2d 1059 (1982) (same); Bero v. Bero, 134 Vt. 533, 367 A.2d 165 (1976) (same); Brown v. Brown, 100 Wash.2d 729, 675 P.2d 1207 (1984) (same); cf. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986) (vested and matured pensions and retirement benefits, which essentially represent the fruits of deferred income during marriage, are marital property). See generally Blumberg, Marital Property Treatment of Pensions, Disability Pay, Workers' Compensation, and Other Wage Substitutes: An Insurance, or Replacement, Analysis, 33 U.C.L.A.L.Rev. 1250 (1986). But see Ettinger v. Ettinger, 107 Misc.2d 675, 435 N.Y.S.2d 916 (N.Y. Sup. Ct. 1981); N.Y.Dom.Rel.Law § 236(B)(1)(d)(2) (McKinney Supp. 1986); cf. De Mello v. De Mello, 3 Haw. App. 165, 646 P.2d 409 (1982) (husband's claim for workers' compensation for injury prior to marriage dissolution not marital property where unpaid until after dissolution); Cal.Civ.Code § 4800(b)(4) (upon dissolution, personal injury awards are the separate property of the injured spouse unless, in the interests of justice, a different dispensation is required). In considering the issue of whether an injured spouse's personal injury or workers' compensation award may properly be characterized as marital property states have followed two different approaches aptly characterized as either the mechanistic or the analytical approach. 2 Valuation and Distribution of Marital Property § 23.07[1][a] *1281 (J. McCahey ed. 1985); see Johnson, 346 S.E.2d at 435.
Under the mechanistic approach, all property, including workers' compensation or personal injury awards, acquired during marriage is deemed to be marital property unless it is specifically excepted by statute. E.g., Goode, 692 S.W.2d at 757; In re Marriage of Burt, 494 N.E.2d at 868; Lukas, 404 N.E.2d at 545; Johnson, 638 S.W.2d at 703; Quiggins v. Quiggins, 637 S.W.2d 666, 668-69 (Ky. 1982); Platek, 454 A.2d at 1059; Orszula, 356 S.E.2d at 114; see Queen, 521 A.2d at 324. Since few states have statutes specifically excluding personal injury awards, but see, e.g., Tex.Fam. Code Ann. § 5.01(a)(3) (Vernon 1975), in states adhering to the so-called mechanistic approach, workers' compensation or personal injury awards are generally characterized in their entirety as marital property.
Under the analytical approach, whether the award is marital property does not depend on a formalistic view which looks only to the timing of the acquisition of the award. Instead, the inquiry focuses on the elements of damages the particular award was intended to remedy or, stated another way, the purpose of the award. Queen, 521 A.2d at 324; Van De Loo, 346 N.W.2d at 176; Johnson, 346 S.E.2d at 430; Brown, 675 P.2d at 1207; see Mead v. Mead, 442 So.2d 870 (La. Ct. App. 1983); Gerlich v. Gerlich, 379 N.W.2d 689, 691 (Minn. Ct. App. 1986); cf. Jurek v. Jurek, 124 Ariz. 596, 606 P.2d 812 (1980) (compensation to injured spouse for personal well-being is his separate property while compensation for lost wages and medical expenses incurred during the marriage is community property); Gloria B.S. v. Richard G.S., 458 A.2d 707 (Del. Fam. Ct. 1982) (undifferentiated workers' compensation award injured spouse's personal property); Cook v. Cook, 102 Idaho 651, 637 P.2d 799 (1981) (same); Hafner, 406 N.W.2d at 590 (burden on injured spouse to prove that workers' compensation award provided compensation for personal injury rather than for lost wages before court would treat award as non-marital property); In re Marriage of Blankenship, 682 P.2d at 1354 (cause remanded for hearing to ascertain the purpose of workers' compensation award and therefore whether it was marital property subject to distribution); Patt, 689 S.W.2d at 505 (injured spouse failed to rebut statutory presumption that award was marital property rather than compensation for strictly personal damages); Tex.Fam.Code Ann. § 5.01(a)(3) (Vernon 1975) (specifically excepting strictly personal elements of personal injury recovery from definition of marital property). States subscribing to this approach acknowledge that damage awards may be separated into three different components: (1) compensation for the injured spouse for pain and suffering, disability, and disfigurement, (2) compensation for the injured spouse for lost wages, lost earning capacity, and medical and hospital expenses, and (3) compensation for the uninjured spouse for loss of consortium. See, e.g., Johnson, 346 S.E.2d at 436. Compensation paid to a spouse for non-economic and strictly personal loss under (1) and (3) is considered that spouse's personal property, while the portion of damages paid to the injured spouse under (2) as compensation for economic loss during the marriage is marital property. See Campbell, 339 S.E.2d at 593; Queen, 521 A.2d at 327; Van De Loo, 346 N.W.2d at 176; Johnson, 346 S.E.2d at 436.
Our supreme court has not considered this question and consequently has not adopted either the so-called mechanistic or analytical approach. Because we deem the analytical approach to be the more enlightened view, we follow the reasoning of those states subscribing to it.[2]See Tonkovich v. South Florida Citrus Indus., Inc., 185 So.2d 710 (Fla. 2d DCA 1966), rev'd on other grounds, 196 So.2d 438 (Fla. 1967).
Mr. Weisfeld argues that the workers' compensation award is not marital property because it was intended to provide compensation only for future medical expenses and does not represent recovery for his lost *1282 income or earning capacity during the marriage or for medical expenses paid for with marital funds. The trial court's categorical statement in the final judgment that the award was not marital property indicates that the trial court did not base its decision on Mr. Weisfeld's assertion that the award covered only future medical expenses but rather on the mistaken belief that workers' compensation awards are simply not marital property. Accordingly, we reverse the award and remand the case to the trial court to hold hearings to establish, in accordance with the analytical approach described in this opinion, what portion of the award is marital property subject to equitable distribution. See In re Marriage of Blankenship, 682 P.2d at 1354.

II. Exclusive Possession Award
An award of the exclusive possession of jointly owned property to one of the parties to a dissolution of marriage proceeding must serve a special purpose and must be directly related to the obligation to pay support or temporarily necessary to protect the value of the property. Duncan v. Duncan, 379 So.2d 949, 952 (Fla. 1980); Cone v. Cone, 449 So.2d 867, 869 (Fla. 5th DCA 1984); see Taylor v. Taylor, 381 So.2d 1353 (Fla. 1980); Schein v. Schein, 448 So.2d 16 (Fla. 3d DCA 1984). Although the special purpose requirement is obviously satisfied in the instant case, the award of exclusive possession of the parties' marital home to Mr. Weisfeld is not directly connected to any support obligation. Mrs. Weisfeld is not obligated to support Mr. Weisfeld. While Mr. Weisfeld is required to pay alimony to Mrs. Weisfeld of $100 per week, and the trial court awarded Mr. Weisfeld exclusive possession "[i]n order to encourage [him] to continue to practice his vocation with a minimum of disruption or discomfort," which supposedly will permit him to honor his alimony obligations, such a tenuous and tangential connection between the award and the support obligation cannot satisfy the direct connection requirement mandated by Duncan. Consequently, we hold that the trial court erred in awarding Mr. Weisfeld the exclusive possession of the marital property.[3]
Since the trial court's awards are interrelated, we reverse all of the awards for the trial court's reconsideration. See Canakaris v. Canakaris, 382 So.2d 1197, 1202 (1980); Hu v. Hu, 432 So.2d 1389 (Fla. 2d DCA 1983).
In conclusion, we are not unmindful of the special purpose served by permitting Mr. Weisfeld to continue to reside in the marital residence. The house has been specially adapted to serve his particular needs and to allow him to continue to practice his profession. While the trial court's decision is admirable, granting Mr. Weisfeld exclusive possession of the parties' major asset has the unfair effect of making Mrs. Weisfeld support Mr. Weisfeld. In addition, it has the effect of permitting Mr. Weisfeld to continue to live in the same life-style which he enjoyed during his marriage, while Mrs. Weisfeld's life-style is severely curtailed. While it is well established that the parties need not end up in exactly equal positions, "a trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be `shortchanged.'" Canakaris, 382 So.2d at 1204. Accordingly, on remand, the trial court is to exercise its discretion in order "to do equity and justice between the parties" in such a way as to ensure both that Mr. Weisfeld is able to continue his occupation and that Mrs. Weisfeld is not plunged into misfortune.[4] § 61.08, Fla. Stat. (1985); see, e.g., Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985) (reciprocal lump sum awards may validly be used to ensure an equitable distribution of parties' *1283 jointly held marital property); Canakaris, 382 So.2d at 1201 ("[T]he award of the marital home as lump sum alimony may be coupled with other lump sum alimony awards if justified by the evidence."); Marcheret v. Marcheret, 498 So.2d 527 (Fla. 3d DCA 1986) (trial court abused its discretion in awarding husband rent-free exclusive possession of marital residence); Schein, 448 So.2d at 16 (husband required to pay rent to wife where his award of exclusive possession of their marital residence was unrelated to any support obligation); Roffe v. Roffe, 404 So.2d 1095 (Fla. 3d DCA 1981) (trial court's reciprocal lump sum awards of property to parties was a valid exercise of its discretion in fashioning an equitable distribution of the parties' property).
This cause is reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] We acknowledge that a number of the cases cited in this portion of the opinion are from community property states which include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas, Washington, and Wisconsin. See Freed & Walker, Family Law in the Fifty States: An Overview, 19 Fam.L.Q. 331, 354-55 (1986) (Table IV). Having carefully considered the essential differences between the doctrines of community property and equitable distribution and the effects of the historical development of each on the way in which they treat personal injury awards, see 2 Valuation and Distribution of Marital Property § 23.07[1][a] (J. McCahey ed. 1985), we are convinced that the distinctions between the two doctrines have little bearing on whether workers' compensation or personal injury awards are to be treated as marital property. Accordingly, we treat authority from community property states as persuasive.
[2] We note that under either approach the trial court's determination that the worker's compensation award is not marital property is erroneous.
[3] Although our decision renders Mr. Weisfeld's cross-appeal moot, we note that Mrs. Weisfeld's counsel concedes that the trial court erred in the restrictions it placed upon Mr. Weisfeld's exclusive possession award.
[4] This opinion is in no way intended to hold or imply that the trial court may not, on remand, fashion the awards so that Mr. Weisfeld may continue to reside in the parties' marital home. On the contrary, we recognize that such an outcome would be equitable under the circumstances of this case.