■ RITA MEISL, Respondent, v ROBERT MEISL, Appellant.— In an action for a divorce and ancillary relief, the defendant husband appeals from so much of a judgment of the Supreme Court, Queens County (Ambrosio, J.), entered May 13, 1987,

and made, *inter alia,* upon an order of the same court (Zelman, J.), dated April 10, 1987, denying his motion to vacate his default in appearing and answering, as awarded the plaintiff wife maintenance in the sum of $100 per week and title to the former marital residence.

Ordered that the matter is remitted to the Supreme Court, Queens County (Ambrosio, J.), to report on the factors considered in the equitable distribution and maintenance determination in compliance with the provisions of Domestic Relations Law § 236 (B) (5) (g) and (6) (b), and the appeal is held in abeyance in the interim. The Supreme Court shall file its findings with this court within 30 days of the date of this decision and order.

The defendant herein failed to present either a reasonable excuse for his failure to answer or a meritorious defense to the action. Accordingly, the Supreme Court properly refused to vacate so much of the judgment as granted the plaintiff a divorce *(see, Trippe v Trippe,* 113 AD2d 935; *Lins v Lins,* 98 AD2d 608; *Glantz v Glantz,* 95 AD2d 796; *Gorman v Gorman,* 92 AD2d 709, 710; *cf., Junowicz v Junowicz,* 132 AD2d 527).

With regard to the provisions for equitable distribution and maintenance, we have held today in *Otto v Otto* (150 AD2d 57 [decided herewith]) that an inquest should be taken on the economic issues. We further held in *Otto (supra,* at 68) that "[t]he inquest may be in the nature of a hearing or, in the alternative, may be by way of the submission of written proof through the use of affidavits and other documentary evidence sufficient to provide the requisite evidentiary and factual basis required for the Judge to make the appropriate findings pursuant to Domestic Relations Law § 236 (B)".

A review of the record in this case reveals that the plaintiff has submitted a detailed affidavit with annexed documentary evidence which is "sufficient to provide the requisite evidentiary and factual basis" for the court to make the appropriate findings. Therefore, an evidentiary hearing is not required.

However, as we have repeatedly stated, the court must set forth the statutory factors considered in distributing the parties' martial property (Domestic Relations Law § 236 [B] [5] [d]) and in awarding maintenance (Domestic Relations Law § 236 [B] [6] [a]; *see, Hornbeck v Hornbeck,* 104 AD2d 791; *Gainer v Gainer,* 100 AD2d 533). The fact that the judgment was entered after a default in answering does not obviate the court's obligation to set forth the statutory factors which are imposed by Domestic Relations Law § 236 (B) *(see, Otto v Otto,* 150 AD2d 57, *supra; Ettinger v Ettinger,* 107 Misc 2d 675).

Accordingly, this matter is remitted to the Supreme Court, Queens County, for further findings in compliance with the relevant provisions of the Domestic Relations Law, and the appeal is held in abeyance in the interim. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.