■ BARBARA D'AGOSTINO, Respondent, v STEPHEN D'AGOSTINO, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Colby, J.), entered January 30, 1990, as denied those branches of his motion which were to vacate stated portions of a judgment of the same court, entered October 11, 1989, which, inter alia, upon his default in appearing at an inquest, directed him to pay child support of $250 per week and child support arrears of $40,250, and (2) from so much of an order

of the same court, dated March 20, 1990, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 19, 1990 is dismissed, without costs or disbursements, as that order was superseded by the order dated March 20, 1990, made upon renewal and reargument; and it is further,

Ordered that the order dated March 20, 1990, is reversed insofar as appealed from, on the law, without costs or disbursements, and the husband's motion to vacate the judgment is granted to the extent that the third through seventh decretal paragraphs thereof are vacated; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for an inquest on the economic issues, including equitable distribution of property and child support.

As we have previously held, the court must set forth the statutory factors considered in distributing the parties' marital property (see, Domestic Relations Law § 236 [B] [5] [d]) and in awarding child support (see, Domestic Relations Law § 236 [B] [7] [a], [b]). Where, as here, the court fails to set forth such statutory factors, the matter must be remitted to the Supreme Court for a report on the factors considered in making the determination (see, Meisl v Meisl, 153 AD2d 839; Otto v Otto, 150 AD2d 57). In light of Justice Colby's retirement from the bench, we direct a new inquest on the economic issues, including the equitable distribution of marital property, child support, and the appointment of the wife as the receiver of the marital residence.

The husband should be permitted to fully participate in the inquest by presenting his own witnesses and evidence, and by cross-examining the wife's witnesses (see, Otto v Otto, supra, at 69). Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.