(June 8, 1992)

■ HENRY C. BERNHOLZ, Respondent, v MARIAN BERNHOLZ, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Queens County (Ambrosio, J.), dated June 22, 1988, which denied her motion to vacate a judgment of divorce dated April 27, 1987, which was entered upon her default in appearing.

Ordered that the order is modified, on the law, by granting the motion to the extent of vacating the seventh decretal paragraph of the judgment dated April 27, 1987, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for an inquest at which both parties may participate, and a new determination with respect to the distribution of the parties' marital property.

The defendant wife failed to present either a reasonable excuse for her default or a meritorious defense to the action. Accordingly, the Supreme Court properly refused to vacate so much of the judgment as granted the plaintiff husband a divorce *(see, Meisl v Meisl,* 153 AD2d 839, 840; *Diachuk v Diachuk,* 117 AD2d 985).

With regard to the provisions for distribution of the parties' marital property, an inquest should be taken to consider the issues *(see, Otto v Otto,* 150 AD2d 57). The purpose of the inquest, whether in the nature of a hearing or in the submission of written proof, is to provide the court with the requisite evidentiary and factual basis to set forth the statutory factors to be considered by it *(see,* Domestic Relations Law § 236 [B] [5]; *Meisl v Meisl, supra; Gainer v Gainer,* 100 AD2d 533). That the judgment is entered upon the default of one of the parties does not obviate the court's obligation to hold an inquest on the issue of the distribution of marital property and to set forth its reasoning based upon the factors enumerated in Domestic Relations Law § 236 (B) (5) *(see, Otto v Otto, supra; Ettinger v Ettinger,* 107 Misc 2d 675).

Since the court did not comply with the pertinent provisions of the Domestic Relations Law, the matter is remitted to the Supreme Court, Queens County, for an inquest and new determination with respect to the distribution of the parties' marital property. Thompson, J. P., Rosenblatt, Lawrence and Copertino, JJ., concur.