615 So.2d 213 (1993)
Gaspare V. BRISCIANO, Appellant,
v.
June BYARD, f/k/a June Brisciano, Appellee.
No. 92-00691.
District Court of Appeal of Florida, First District.
March 4, 1993.
Rehearing Denied April 6, 1993.
Joseph S. Farley, Jr., of Mahon, Farley & McCaulie, P.A., Jacksonville, for appellant.
Edward P. Jackson, Jacksonville, for appellee.
PER CURIAM.
This cause is before us on appeal from a final order of partition. Appellant contends that the trial court erred in awarding an offset for the fair rental value to the cotenant not in possession.
On November 1, 1961, the parties, then married, purchased a home in Jacksonville Florida. In 1968, the parties separated, and appellee obtained a divorce, which was final in February of 1970. From the time of the separation, the former husband, Mr. Brisciano, resided in the home and made all payments thereon. There were no children, and the final judgment made no mention of the home.
On March 30, 1990, the former wife, Ms. Byard, filed a complaint for partition, asserting that she owned a one-half interest as tenant-in-common in the home. Mr. Brisciano counterpetitioned, seeking contribution for mortgage payments, upkeep, and taxes.
At final hearing, Byard testified that she never asked Brisciano to vacate the home. The parties had an understanding that Brisciano would live in the home and pay the mortgage and taxes on the residence. However, no formal agreement was entered between the parties.
Brisciano testified that the parties made an agreement that he would remain in the home and pay the mortgage, taxes, and insurance, and Byard would get an unimproved lot behind the house.
The trial court found that Brisciano was entitled to a credit of $21,075.54 for the payments made on the house. However, the court then gave Byard a credit for the fair rental value of the property, without expressing what that value was, but stating that the credit exceeded Brisciano's interest, *214 thus eliminating any credit on either side. Thereafter, partition was ordered.
The general rule with regard to credits for rents is that the tenant-in-common who has exclusive possession of real property and uses it for his own benefit, but does not receive rents or profits therefrom, is not liable or accountable to a cotenant out of possession unless such possession is held adversely or as a result of ouster or the equivalent. However, if the cotenant in possession seeks contribution for amounts expended in improvement or preservation of property, including payments for mortgages, insurance, and taxes, that claim may be offset by the reasonable rental value of the property. Adkins v. Adkins, 595 So.2d 1032, 1033-1034 (Fla. 1st DCA 1992), citing, Barrow v. Barrow, 527 So.2d 1373 (Fla. 1988). In the instant case, since Mr. Brisciano sought contribution for mortgage payments, taxes, and insurance paid on the marital residence, the trial court did not err in offsetting these sums by the reasonable rental value of the property.
Accordingly, the final order of partition is affirmed.
ERVIN, BOOTH and WEBSTER, JJ., concur.