626 So.2d 294 (1993)
Carlton E. PEARCE, Jr., Appellant,
v.
Marion B. PEARCE, Appellee.
No. 92-2501.
District Court of Appeal of Florida, Fifth District.
November 5, 1993.
Nancy Y. Smith of Brinson, Smith, Smith, Lewis & Starr, P.A., Kissimmee, for appellant.
No appearance for appellee.
W. SHARP, Judge.
Carlton Pearce, the former husband, appeals the dissolution of marriage judgment from his former wife, Marion. He asserts the trial judge's equitable distribution of the parties' marital assets and liabilities is flawed because it fails to credit him for tax and mortgage payments he made for the benefit of jointly owned assets after the parties separated, and because the decree awarded him less than fifty percent of the parties' marital assets, without any express findings by the trial judge to explain the distribution and without any competent substantial evidence in the record to support it. We remand for additional findings in accordance with section 61.075(3).
The former wife filed a petition for dissolution of the parties' marriage in January 1992. The final judgment was rendered on September 28, 1992. The decree does not comply with the findings and valuation requirements of section 61.075(3) in several particulars. Thus, we must remand this cause to the trial judge for additional findings, prior to our undertaking to review the judgment for errors in the trial court's equitable distribution of the parties' marital assets and liabilities. Plyler v. Plyler, 622 So.2d 573 (Fla. 5th DCA 1993); Bussey v. Bussey, 611 So.2d 1354 (Fla. 5th DCA 1993).
We note specifically two problems with this case. First, all of the claimed marital assets of the parties were not accounted for in the final judgment. The former husband received $6,500 from the parties' adult son after the parties separated. This payment possibly related to the son's rental of the parties' jointly owned duplex, or a payment for a fee interest in it. The nature of this asset should be accounted for. In addition, the husband had an IRA, which was not valued or accounted for. And, finally, the record establishes the parties accumulated six certificates of deposit with a total face value of $6,000, plus interest. The former husband withdrew and spent two of the CDs, which were charged to him in the final decree. But, the decree failed to deal with the other four CDs, and they were not distributed to either party.
Second, the former husband is correct that he should have been compensated for *295 one-half of the tax and mortgage payments he made for the former wife's joint interest in their real properties, after they separated. Cf. Barrow v. Barrow, 527 So.2d 1373 (Fla. 1988); Brisciano v. Byard, 615 So.2d 213 (Fla. 1st DCA 1993); Adkins v. Adkins, 595 So.2d 1032 (Fla. 1st DCA 1992). The parties in this case were living apart for some twenty-two months prior to entry of the final decree. During that time, Carlton paid mortgage payments on the marital residence, and a duplex jointly owned by the parties with their son; and, he paid real estate taxes on property jointly owned by them in Vermont, as well as $778 for a time share.
However, during the period of separation, Carlton enjoyed the exclusive occupancy of the marital residence and he collected and kept all of the rent paid on the duplex. In such circumstances, Marion is entitled to a set off of one-half the fair market rental value of the marital residence and her share of the rent collected on the duplex. Barrow; Brisciano; Adkins. Express findings on these matters and others, if relevant, should be made by the trial judge on remand. The trial judge may take additional testimony if necessary.[1]
REVERSED and REMANDED.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] We also note the former wife claimed she should be reimbursed for a $700 medical bill incurred by her prior to the parties' separation (a marital liability). This was not dealt with in the final decree.