629 So.2d 883 (1993)
Carole V. KNECHT, Appellant,
v.
Harold C. KNECHT, Jr., Appellee.
No. 92-682.
District Court of Appeal of Florida, Third District.
November 16, 1993.
Order Correcting Opinion on Denial of Rehearing January 25, 1994.
*884 Elser, Greene & Hodor and Cynthia Greene, Miami, for appellant.
Buchbinder & Elegant and Arnold Nevins, Miami, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
*885 PER CURIAM.
Carole V. Knecht appeals a final judgment of dissolution of marriage. We reverse the final judgment, except for the dissolution of the marriage, and remand for further proceedings. This disposition makes it unnecessary to reach Harold C. Knecht, Jr.'s cross-appeal.
In 1990, the wife petitioned for dissolution of the parties' nine-year marriage. The husband, an attorney, owns his law firm. His 1990 income was approximately $239,862. In her petition, the wife requested, inter alia, permanent alimony. At the time of the final hearing, the wife was 56 years old, had a real estate sales license, and an income in 1990 of approximately $11,000. At the final hearing, the trial court allowed the husband to amend his answer to assert that the wife's infidelity barred her claim for alimony.
In the final judgment, the court awarded the wife rehabilitative alimony for five years and denied her request for permanent alimony. As part of its equitable distribution scheme, the trial court determined that a house the wife had purchased in her name prior to the marriage was marital property and awarded it to the wife; however, the court imposed a constructive trust for the value of the husband's premarital efforts and expenditures in connection with the house. The court also awarded the wife a house owned by the wife and her mother, and the wife's interest in her IRA, although the IRA funds were withdrawn by the wife for her own support during the pendency of the proceedings. The final judgment awarded the husband a special equity in jointly-owned North Carolina property based on the husband's assertion that his mother gave him the money for a portion of its down payment. In addition, the final judgment awarded the husband a full credit for the sums he expended during the dissolution proceedings on the parties' jointly-owned properties and directed that a portion of the parties' assets be held in escrow to provide for a possible future tax liability. The final judgment ordered that a promissory note held by the wife, executed by the husband prior to the marriage, was satisfied by the equitable distribution.
The wife contends that the trial court's equitable distribution scheme is flawed because the trial court: awarded her property she alone owned prior to the marriage; created a constructive trust on her solely-owned property; classified as marital property a house in the name of the wife and her mother; improperly awarded the wife her depleted IRA; improperly awarded the husband a special equity; erroneously awarded the husband full credit for his payments during the dissolution proceedings; placed a portion of the assets in escrow for an unspecified future contingent liability; incorrectly ruled that the promissory note she held was satisfied; and wrongfully denied her petition for permanent alimony.

I. EQUITABLE DISTRIBUTION AND ALIMONY AWARD
We reverse the trial court's equitable distribution scheme, the award of rehabilitative alimony, and denial of permanent alimony. First, we review the trial court's determination that the wife's solely-owned home was a marital asset and its imposition of a constructive trust on the home in the husband's favor.
The wife had built a home on a Key Largo lot she purchased five years before the parties' marriage. She obtained a loan to fund the construction; subsequently, she secured a mortgage on the house in her name. These transactions occurred prior to the marriage. The net value of the house is approximately $263,500. The husband based his claim for a half interest in the house on his contributions of approximately $30,000 during its construction. The wife argued that the husband was not entitled to a special equity in the home by virtue of his premarital contributions. The court determined that the house was a marital asset, awarded it to the wife as part of the equitable distribution scheme, and, although the husband never pled a constructive trust theory, awarded the husband a constructive trust on the house.[1]
*886 The trial court erred in imposing a constructive trust based on the husband's premarital contributions; instead, the trial court should have considered the husband's contribution in fashioning the equitable distribution. Under the equitable distribution statute, the court must categorize the parties' assets as nonmarital and marital. § 61.075(1), Fla. Stat. (1991); Robertson v. Robertson, 593 So.2d 491, 493 (Fla. 1991). The Key Largo lot, purchased by the wife prior to the marriage, is properly categorized as nonmarital property. § 61.075(5)(b)1., Fla. Stat. (1991). The court should have accounted for the husband's premarital contribution to that asset in structuring the equitable distribution. See Straley v. Frank, 612 So.2d 610 (Fla. 2d DCA 1992), review denied, 624 So.2d 265 (Fla. 1993). On remand, the trial court is directed to consider the Key Largo lot as nonmarital property, and, barring a finding that the husband's contribution was a gift, § 61.075(5)(b)2., Fla. Stat. (1991), consider that contribution in fashioning the distribution scheme.
Next, we address the trial court's error in awarding the husband a special equity in the parties' jointly-owned North Carolina property. The parties purchased the property during the marriage. The husband's special equity claim rests on his assertion that his mother gave him $10,000 of the $13,000 down payment. Section 61.075(5)(a)1., Florida Statutes, states that marital assets include "[a]ssets acquired and liabilities incurred during the marriage, individually by either party or jointly by them." The husband testified that his mother gave him a $10,000 check to cover a portion of the down payment. However, this is insufficient to satisfy the husband's statutory burden of proving that no gift to the couple was intended. Robertson v. Robertson, 593 So.2d 491 (Fla. 1991). Thus, the trial court's conclusion that the husband is entitled to a special equity is not supported by the greater weight of the evidence. Robertson. This portion of the final judgment must be reversed.
We now turn to the trial court's determination that the house, jointly owned by the wife and her mother, was a marital asset. The house was purchased by the wife's mother; the mother later transferred the title to her name and the wife's name. The record demonstrates that this transfer does not rise above the level of a gift. Section 61.075(5)(b)2. excludes noninterspousal gifts from consideration as marital assets; the court erred in so classifying the house.
Furthermore, as a nonmarital asset the house is not subject to equitable distribution unless its value has been enhanced by marital labor or funds. Moon v. Moon, 594 So.2d 819 (Fla. 1st DCA 1992); Massis v. Massis, 551 So.2d 587 (Fla. 1st DCA 1989). There is no record evidence of any enhancement in the asset's value due to any marital efforts; it was error to categorize the house as a marital asset for equitable distribution purposes.
Moreover, the award to the wife of her depleted IRA funds is also error. The award to a party, as part of an equitable distribution scheme, of sums diminished during the dissolution proceedings may not be affirmed. See Akers v. Akers, 582 So.2d 1212 (Fla. 1st DCA), review denied, 592 So.2d 679 (Fla. 1991). The value of marital property must be properly established for purposes of distribution. Carroll v. Carroll, 471 So.2d 1358, 1360-61 (Fla. 3d DCA), review denied, 482 So.2d 347 (Fla. 1985). A valuation that is not supported by competent substantial evidence fails. Polley v. Polley, 588 So.2d 638, 642 (Fla. 3d DCA 1991). In this case, no evidence contradicted the wife's testimony that the IRA funds were expended for her own support leaving the IRA without value. The court's award of a valueless asset to the wife constitutes an abuse of discretion and must be reversed.
Next, we address the trial court's award of rehabilitative alimony to the wife in lieu of permanent alimony. Although the record reflects that the wife's future income could increase should she choose to return to school, there is no evidence that the parties' relative financial positions will change. Throughout the marriage, the husband's income dwarfed the wife's earnings, and he *887 was able to reduce his debt and increase his assets. The award of rehabilitative alimony to the wife for five years is inadequate under these circumstances. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980).
"Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties." Canakaris, 382 So.2d at 1201 (emphasis added). It is well settled that the purpose of permanent alimony is to enable the former spouse to maintain the life-style enjoyed during the marriage. Here, the parties enjoyed a comfortable lifestyle. The rehabilitative alimony award reduces the wife's standard of living far below the standard the parties enjoyed during the marriage. Steinberg v. Steinberg, 614 So.2d 1127 (Fla. 4th DCA 1993). That result was unnecessary; the record demonstrates that the husband has the ability to pay. Canakaris, 382 So.2d at 1201. The award constitutes error. Wright v. Wright, 577 So.2d 1355 (Fla. 1st DCA), review dismissed, 587 So.2d 1331 (Fla. 1991); Carr v. Carr, 522 So.2d 880 (Fla. 1st DCA 1988).[2]
For the foregoing reasons, we reverse the equitable distribution scheme and the alimony award, Noah v. Noah, 491 So.2d 1124 (Fla. 1986); Sinclair v. Sinclair, 594 So.2d 807 (Fla. 3d DCA 1992); Mayers v. Mayers, 575 So.2d 321 (Fla. 3d DCA 1991); on remand, the court shall award the wife permanent alimony.

II. CREDIT TO HUSBAND FOR TEMPORARY PAYMENTS
The wife contends that the trial court erred by awarding the husband credit for one hundred percent of the mortgage [and other] payments he made on two of the parties' properties during the period between separation and dissolution of marriage. We remand for further consideration of this award.
The appropriate framework for determining the allocation of payments made during the period of separation is found in section 61.075, Florida Statutes (1991), the equitable distribution statute. Prior to the formal dissolution of marriage, the husband and wife both have rights and responsibilities with respect to marital property. Where property is held in "estates by entirety, the tenants, upon dissolution of marriage, shall become tenants in common." § 689.15, Fla. Stat. (1991). Upon becoming tenants in common, the parties bear equal responsibility for the expenses of the property, unless the court provides otherwise in the divorce decree in order to fashion an equitable distribution. "Should a trial judge, in adjusting the equities between the parties, determine that one party should bear the burden of making principal and interest payments without adjustment or credit when the property is sold, that judge should explicitly do so in the final judgment." Kelly v. Kelly, 583 So.2d 667, 668 (Fla. 1991) (footnote). If such adjustments in the divorce decree for the post-dissolution period can be justified in order to fashion an equitable distribution, plainly the trial court can also allocate liabilities equitably for the period leading up to the entry of the divorce decree.
The husband contends that because he made the mortgage payments on the parties' properties during their separation, he is automatically entitled to credit for those payments. He argues, in other words, that the parties should be treated as tenants in common for the period beginning with their separation, and that there should be no adjustment in the allocation of liabilities between the parties, notwithstanding the fact that the husband's income is many times that of the wife. In support of his position the husband cites Benz v. Benz, 557 So.2d 124 (Fla. 3d DCA 1990). See also Hughes v. Hughes, 438 So.2d 146 (Fla. 3d DCA 1983); Gully v. Gully, 311 So.2d 745 (Fla. 3d DCA 1975).
We are not persuaded by the husband's argument. The cited cases must be read in light of the supreme court's recent pronouncement in Kelly v. Kelly. In our view, Kelly clearly provides the trial court *888 the latitude to allocate the parties' liabilities and award the parties credits so as to achieve an equitable decree. Furthermore, the cited cases give minimal information about the litigants' respective financial positions. Where the spouses have comparable financial resources, assessment of the liabilities equally against the two parties is entirely reasonable.
Here, however, the marital assets were acquired largely on the strength of the husband's income, which provided the cash flow to meet the mortgage payments and expenses. If during the pre-dissolution period the expenses are allocated equally, where one spouse has the ability to pay and the other does not, the net effect can be to invade the asset share of the low-income spouse. Another pertinent inquiry is whether the funds used by the husband to make those payments were marital or nonmarital funds, as defined under the statute.[3]
We vacate this portion of the award and remand for further consideration in light of the principles stated here.

III. PROMISSORY NOTE
The husband correctly conceded at oral argument that the trial court exceeded its authority in ruling that the promissory note held by the wife and executed by the husband prior to the parties' marriage was satisfied. We reverse that portion of the judgment.
We find it unnecessary to reach the issue of the escrowed funds for the contingent tax liability at this time. On remand, the trial court should ascertain the likelihood of any assessment of tax liability against the taxpayers.
For the foregoing reasons, we reverse the final judgment of dissolution, except as it dissolves the marriage, and remand for a new trial.
Reversed and remanded for a new trial.
Upon consideration, appellant's motion for rehearing is hereby denied.
Appellee's motion for instructions or relief is denied without prejudice to apply to the trial court. Appellee's motion for certification to the Supreme Court is denied. Appellee's motion for rehearing is denied. This Court's opinion of November 16, 1993 is corrected to substitute the following for paragraph one on page five:
HUBBART, BASKIN and COPE, JJ., concur.
NOTES
[1] The husband did not assert the constructive trust theory in any pleadings. See Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); James v. James, 374 So.2d 1085 (Fla. 5th DCA 1979); Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974).
[2] There is no evidence to demonstrate that the wife's misconduct justifies the denial of a permanent alimony award. Noah v. Noah, 491 So.2d 1124 (Fla. 1986); Eckroade v. Eckroade, 570 So.2d 1347 (Fla. 3d DCA 1990).
[3] In Roth v. Roth, 611 So.2d 1268 (Fla. 3d DCA 1992), the court held that on the facts there presented, the husband was not entitled to credit for mortgage payments which were ordered to be made as part of his support obligation.