820 So.2d 432 (2002)
James W. WHITE, Appellant,
v.
Betty J. WHITE, Appellee.
No. 4D01-3465.
District Court of Appeal of Florida, Fourth District.
July 3, 2002.
*433 Thomas Montgomery of Thomas Montgomery, P.A., Belle Glade, for appellant.
Ann Porath, Wellington, for appellee.
SHAHOOD, J.
The parties' almost forty-five-year marriage was dissolved in December 2000. At that time, the former husband, James W. White, was 62 years old; the former wife, Betty J. White, was 63 years old. The parties' assets included the marital home, unencumbered by a mortgage, with two cottages used as rental property, valued at $106,000, and future lump sum payments to the former husband from a worker's compensation settlement. At issue in this appeal is whether the former husband's worker's compensation annuity was properly treated as a marital asset and whether the former husband should have received a setoff for rental income against the former wife's special equity in the home.

I. Worker's Compensation Annuity
The former husband is disabled from a work accident. In addition to monthly payments, he will receive future lump sum payments pursuant to the settlement agreement in the worker's compensation case, which states,
THAT, the parties mutually agree that the employee is permanently and totally disabled as a result of the accident and injuries described herein, ... the employer and servicing agent shall:
(c) In addition to said monthly payments and as an inflation stabilizer, the annuity policy shall pay to the employee a lump sum payment of $10,000.00 at the end of the 10th year *434 of the monthly annuity payments, an additional $20,000.00 at the end of the 20th year, and an additional $25,000.00 at the end of the 30th year of the monthly annuity payments.
Also, pursuant to the agreement, the former husband received an additional $15,000 as compensation for future medical expenses and a lump sum payment of $25,000 upon signing the agreement.
In Weisfeld v. Weisfeld, 545 So.2d 1341 (Fla.1989), the supreme court discussed the equitable division of worker's compensation awards in the context of a dissolution. In determining whether an award is marital property, the court should consider the purpose of the award by focusing on the "elements of the damages" of the award. Id. at 1343. In other words, is the award "(1) compensation for the injured spouse for pain and suffering, disability, and disfigurement, (2) compensation for the injured spouse for lost wages, lost earning capacity, and medical and hospital expenses, [or] (3) compensation for the uninjured spouse for loss of consortium." Id. (quoting Weisfeld v. Weisfeld, 513 So.2d 1278, 1281 (Fla. 3d DCA 1987)). Only that portion of damages paid to the injured spouse as compensation for past lost wages and loss of earning capacity is to be considered marital property. See id. at 1345. Damages for future loss of earnings and loss of earning capacity and future medical expenses are the separate property of the injured spouse, but may be considered in fashioning alimony and support awards. See id.
In this case, the language of the settlement agreement is clear and indicates that the future lump sum payments to the former husband are neither compensation for his pain and suffering nor compensation for future medical expenses. Thus, they can only be to compensate the former husband for his loss of future earning capacity. As such, under Weisfeld, it was error to characterize the future lump sum payments as marital assets. Any payments made after the date of the dissolution are the former husband's separate property and are not subject to equitable distribution.

II. Special Equity in Marital Home
The trial court awarded each party half of the marital home and gave the former wife a special equity equal to $8,000. The former husband disputes this special equity award based on the former wife's failure to specifically request such relief. While the wife requested a "special equity" based upon her monetary contributions for the property's maintenance and upkeep, a "special equity" requires the contribution by one spouse of funds unconnected with the marital relationship. See Robertson v. Robertson, 593 So.2d 491, 494 (Fla.1991). In this case, the wife did not show that her payments toward the maintenance of the marital home came from a source unconnected with the marital relationship.
On the other hand, in a claim for equitable distribution, which the wife did allege, the court may consider the contributions of each spouse towards the property. In Pearce v. Pearce, 626 So.2d 294, 294-95 (Fla. 5th DCA 1993), the court held that a former husband "should have been compensated for one-half of the tax and mortgage payments he made for the former wife's joint interest in their real properties, after they separated," while the former wife should be credited for the former husband's exclusive use and occupancy of the marital residence after the separation and the rentals he collected on their other real properties.
Knecht v. Knecht, 629 So.2d 883 (Fla. 3d DCA 1994), differs from Pearce. In *435 Knecht, the former husband claimed entitlement to credit for the mortgage payments he made on the parties' properties during their separation. The Third District held that he was not automatically entitled to credit but that the trial court should consider the financial resources of the parties in determining whether the former husband was entitled to a credit for payments made during separation. See id. at 887-88. The court stated, "[w]here the spouses have comparable financial resources, assessment of the liabilities equally against the two parties is entirely reasonable.... If during the pre-dissolution period the expenses are allocated equally, where one spouse has the ability to pay and the other does not, the net effect can be to invade the asset share of the low-income spouse." Id. at 888.
Pearce is more applicable to this case than Knecht. The former wife's income is higher than that of the former husband, who lives on his workers' compensation settlement. In determining credits to be applied in the equitable distribution of the assets in this case, the former wife should receive credit for one-half of the payments she made in maintenance and upkeep of the property, and the former husband should receive a set off of one-half of the fair rental value of the residence and his share of the rents collected on the properties.
Consequently, this cause is remanded to the trial court to reconsider all issues, including alimony, because our opinion substantially disturbs the balancing of the equities in this case. While the former wife requested alimony in the pleadings, she did not make that request at the close of the trial based upon her request for the house and a share of the workers' compensation settlement, awards which we are reversing. The former wife may be able to make a case for alimony, particularly lump sum, when a portion of the workers' compensation settlement is available. While the workers' compensation settlement cannot be considered a marital asset, it replaces the income stream which would otherwise be available to the former husband had he been gainfully employed. Therefore, it is a source from which an ability to pay alimony may be permitted. See Weisfeld, 545 So.2d at 1346 ("Of course, the amount received by the injured spouse for future loss of wages may be taken into account in determining alimony and support awards.").
REVERSED AND REMANDED.
WARNER and HAZOURI, JJ., concur.