In re the Marriage of Claire Renee WATSON, petitioner, Appellant,

v.

Paul Charles WATSON, Respondent.

No. C6–85–1138.

Court of Appeals of Minnesota.

Dec. 31, 1985.

regarding her health's impact on her retrainability.  We reverse and remand.

## FACTS

Appellant and respondent, married September 17, 1966, have four children aged five, nine, sixteen, and eighteen years.  The oldest child is unemancipated and still in high school.  She has diabetes and is under medical care.  The youngest child, who entered kindergarten in September 1985, is in therapy as a result of sexually inappropriate behavior by respondent.

Throughout the marriage respondent was employed by the Social Security Administration in Hibbing as a district manager.  He ceased active employment September 1, 1983, following a nervous breakdown, but continued to draw sick pay until he resigned June 23, 1984.  His annual salary was $36,480.

Respondent's current net monthly income, derived mainly from disability benefits, is $890.  In addition, at the time of the dissolution hearing, he was employed part time by a local funeral home and earned $4 per hour.  His attorney disclosed at oral argument that respondent now works for the Clean Water Agency and earns $600 per month net.  The trial court did not consider his income from employment in setting child support because it found his hours were sporadic.

Respondent's disability plan is a benefit provided by his former employer.  Under the plan, subject to periodic review, respondent can earn 80% of his former salary and continue to receive benefits until he is no longer disabled.

Respondent also owns a vested pension plan presently valued at $24,529.51.  The plan permits withdrawing the funds now or at retirement.  The trial court ordered respondent to defer drawing his pension and to designate appellant as his survivor beneficiary.  In its post-decree order, the court awarded appellant a one-half interest in respondent's pension.

Appellant was a homemaker throughout the parties' marriage and is currently un-

Richard E. Prebich, Abate, Wivoda, Clark & Prebich, Hibbing, for appellant.

Gail Murray, Eliason & Murray, Hibbing, for respondent.

Heard, considered, and decided by POPO-VICH, C.J., and FOLEY and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Claire Renee Watson Fried appeals the trial court's denial of her post-decree motions (1) to amend the parties' judgment and decree to divide respondent's disability annuity as marital property, (2) to order child support in excess of the statutory guidelines, and (3) to take additional evidence on her health and make findings

employed. For a brief period in 1983 she worked outside the home. In 1981, she began a nursing program at Hibbing Community College but discontinued on the advice of the program head when anemia, aggravated by stress, interfered with her studies. She was 30 credits from completion.

Appellant receives a total income of approximately $700 per month. Approximately $600 is from Aid to Families with Dependent Children (A.F.D.C.) and $100 is rehabilitative maintenance from respondent. The trial court found monthly expenses for appellant and the children to be $1,722.62.

The trial court awarded appellant (1) custody of the parties' four children, (2) $215 per month child support based on respondent's then net income of $768 per month, (3) $100 per month rehabilitative maintenance through September 1987, and reserved thereafter, and (4) a $10,000 judgment against respondent for marital funds he expended without sharing them with appellant, in one instance, in violation of a court order.

The court ordered appellant to resume the nursing training program, to complete licensure and become self-supporting by September 1987. The court found appellant's anemia to be "unsubstantiated" and not a barrier to completion of her studies.

Both parties moved for amended findings or a new trial. Appellant moved the court (1) to find that her anemia, aggravated by stress, may prevent her from completing the nursing program, (2) to take additional evidence on her health status, (3) to find that having small children prevents her from beginning retraining in the near future, (4) to find that, should she be named sole owner of the parties' homestead, disability mortgage insurance policy payments, currently paying approximately three-fourths of the mortgage payment, may cease, (5) for an award of one-half of respondent's disability payments and one-half of his pension as a division of marital property, (6) to require respondent to pay her school loans and other bills the court apportioned to her.

Respondent countermoved (1) for an amended finding reducing the amount of marital money he is alleged to have spent, and (2) to reduce $10,000 awarded to appellant as her marital share of the money he spent.

The court awarded appellant one-half of respondent's retirement benefits. The court also increased child support to $275 per month based on the parties' stipulation.

## ISSUES

1. Did the trial court err in failing to determine respondent's disability income as marital property and to award petitioner her share of the marital asset?

2. Did the trial court err in its awards of maintenance and child support?

## ANALYSIS

1. Appellant claims the trial court either abused its discretion or committed an error of law when it failed to determine respondent's disability annuity as marital property and divide the monthly disability annuity between the parties. Respondent argues that the trial court had the discretion to decide whether the disability annuity payments are "marital property" under Minn. Stat. § 518.54, subd. 5 or "income" to the respondent under Minn.Stat. § 518.54, subd. 6.

Determination of disability funds as income or marital property is not a question of fact requiring deference on review, but is a question of law. The appellate court need not defer in reviewing questions of law. *Van de Loo v. Van de Loo*, 346 N.W.2d 173, 175 (Minn.Ct.App.1984).

Respondent argues the trial court probably elected to determine his disability annuity as income to order a larger child support award. He claims this benefits the county because it is able to obtain a larger reimbursement of A.F.D.C. funds expended on behalf of the parties' children. Under Minn.R.Fam.Ct.P. 3.12, an A.F.D.C. recipient must assign the right to receive child

support and maintenance payments to the appropriate government agency. Reimbursement of public funds, while favored by public policy whenever possible, is not among the statutory criteria for determining whether property acquired during a marriage should be characterized as marital or non-marital. *See* Minn.Stat. § 518.-54, subds. 5, 6.

This court has previously reviewed the question whether disability payments are marital property to be divided between the parties or income to the recipient. We held the "right to receive a disability annuity can be construed as a marital asset to be divided." *VanderLeest v. VanderLeest,* 352 N.W.2d 54, 57 (Minn.Ct.App.1984).

■ Respondent argues we should follow *VanderLeest* and delay division of respondent's disability payments until respondent's child support duty ends, in approximately thirteen years. Appellant argues this would deprive her of her share of the marital asset and, should she remarry before respondent's duty to pay child support ends, she would never share in this marital asset.

While we found respondent's disability annuity to be marital property in *Vander-Leest,* we deferred appellant's collecting her marital share until respondent's obligation to pay child support ended, approximately one year after the opinion was filed. *VanderLeest* is distinguishable from this matter because it interpreted a stipulation between the parties.

■ Here there is no similar stipulation. We rely on Minn.Stat. § 518.54, subd. 5 and on the rule in *VanderLeest.* The trial court erred in failing to determine respondent's disability annuity as marital property and award appellant a share of respondent's monthly annuity.

■ Appellant argues the disability benefit must be divided 50/50. A trial court's division of marital property need not be mathematically equal. *Johns v. Johns,* 354 N.W.2d 564, 566 (Minn.Ct.App.1984).

[T]he court shall make a just and equitable division of the marital property of the parties without regard to marital misconduct, after making findings regarding the division of the property. The court shall base its findings on all relevant factors including the length of the marriage, * * * the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party.

Minn.Stat. § 518.58 (1984).

2. Respondent argues the trial court compensated for its failure to award appellant a share of his disability annuity by awarding her a $10,000 property settlement and asks this court to reduce the $10,000 judgment awarded appellant to reflect a more equitable division of the property.

■ The trial court apparently arrived at the $10,000 amount by adding the amount of marital money respondent is alleged to have spent and not shared with appellant. Respondent received several checks that were marital property. The amounts of some were verified, but others were not. The trial court did not abuse its discretion in apportioning appellant $10,000 under Minn.Stat. § 518.58.

■ However, respondent did not file a notice of review, required by Minn.R.Civ. App.P. 106. His request for a reduction in the $10,000 award of marital property made to appellant is not properly before this court.

■ 3. Respondent argues that apportioning 50% of his disability annuity payments to appellant, along with $275 per month child support and $100 rehabilitative maintenance, would leave him virtually nothing to live on. His assumption is incorrect. On remand, after the trial court apportions part of respondent's disability payments to appellant as a property settlement, respondent's income will decrease. The court shall reconsider the child support award on remand after its apportionment of respondent's disability annuity.

4. Likewise, on remand, the trial court shall reconsider the rehabilitative maintenance award. In *Krick v. Krick*, 349 N.W.2d 350, 352 (Minn.Ct.App.1984) we said judicial discretion to award rehabilitative maintenance must be examined according to Minn.Stat. § 518.552 (1984). The court must not impose the choice between foregoing education or completely depleting her resources. To impose this choice without reference to the assets and expenses of appellant constitutes error. *Id.* Rehabilitative maintenance must be sufficient to provide for training and education to become self-sufficient. *Id.*

### DECISION

The trial court erred in failing to determine respondent's disability annuity as marital property and dividing it between the parties. On remand, the trial court shall reconsider its award of child support and maintenance.

Reversed and remanded.