In re the Marriage of: Janet M. GER-
LICH, now Distel, Petitioner,
Respondent, .

v.

Francis M. GERLICH, Appellant.

No. C2–85–1427.

Court of Appeals of Minnesota.

Jan. 14, 1986.

Review Denied March 21, 1986.

Richard C. Perkins, Le Sueur, for respondent.

John E. Trojack, St. Paul, for appellant.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

LANSING, Judge.

Francis Gerlich appeals from a judgment holding him accountable for $7,700 in child support arrearages. Respondent Janet Gerlich Distel also appeals the trial court's determination that worker's compensation benefits received by Gerlich were nonmarital property. We affirm.

## FACTS

The parties were divorced in August 1978. Under the decree Gerlich was to pay $125 monthly child support for their three children. At the time, Gerlich was unemployed and receiving $600 per month in temporary total disability worker's compensation benefits because of injuries sustained when he was run over by a road grader in 1976. A supplemental order, issued November 17, 1978, divided the proceeds of the homestead's sale and reserved the issue of the disposition of any worker's compensation settlement Gerlich would receive. Gerlich was ordered to advise Distel of any settlement. An additional supplemental order was entered on March 24, 1980, increasing child support to $225 monthly because Gerlich had obtained employment.

Between February and August 1982 Gerlich received worker's compensation payments of $25,478 for permanent partial disability to his back and legs. In October 1982 he received an additional $8,668 settlement.

In January 1982 Gerlich suffered a heart attack and required surgery to repair a coronary aneurysm. As a result he began receiving social security disability payments, and beginning in July 1982 dependent payments were made to the children. Gerlich stopped making child support pay-

ments in March 1982. The amount of social security payments received by the children exceeded the amount of child support payments owed by Gerlich.

In April 1985 Distel moved the court to order Gerlich to provide information on the settlement of his worker's compensation claim and to account to her for the funds received. She also moved the court to determine child support arrearages and to reduce the arrearages to judgment. Gerlich moved for an order denying Distel any interest in the worker's compensation payments, denying Distel's claim for arrearages, and granting an offset against his present and future child support obligations to the extent that the children's social security benefits exceeded that obligation. Based on affidavits and oral argument, the trial court ordered Gerlich to pay $7,700 in arrearages, held that the worker's compensation payments were nonmarital property, and concluded that Distel had not shown unfair hardship under Minn.Stat. § 518.58 (1984) and was therefore not entitled to any portion of those benefits.

## ISSUES

1. Did the trial court abuse its discretion by not retroactively forgiving child support arrearages?

2. Did the trial court err in holding that worker's compensation payments for permanent partial disability were nonmarital property?

## DISCUSSION

### I

 A child's receipt of social security benefits from the account of the parent charged with support does not constitute payment from that parent. *In re Marriage of Haynes*, 343 N.W.2d 679, 682 (Minn.Ct.App.1984). Receipt of social security dependency benefits, however, may constitute a change of circumstances and be grounds for modification of the support order under Minn.Stat. § 518.64, subd. 2 (1984), if the change makes the terms of the order unreasonable or unfair. *Id.* at

683. A party requesting forgiveness of arrearages must also show that the past failure to pay was not willful. Minn.Stat. § 518.64, subd. 2.

Gerlich stated in his affidavit that because of his original back injury and subsequent heart condition, his income declined and he sustained large medical expenses which required him to expend virtually all of his worker's compensation payments. Gerlich offered no evidence to substantiate his medical expenses. His affidavit contains no information about work history, dates of unemployment, or salary when employed. Gerlich presently earns net pay of $435.67 every two weeks. He presented medical reports dated 1982 and 1983 that are inconsistent on the extent of his disability and his ability to hold a job.

 A trial court's power to forgive child support arrearages should be exercised cautiously upon satisfactory evidence. *Bledsoe v. Bledsoe*, 344 N.W.2d 892, 895 (Minn.Ct.App.1984). The decision of the trial court in such matters will not be reversed, absent a clear showing of an abuse of discretion. *Reck v. Reck*, 346 N.W.2d 675, 677 (Minn.Ct.App.1984). The trial court did not clearly abuse its discretion in refusing to forgive Gerlich's arrearages.

### II

 In *Van De Loo v. Van De Loo*, 346 N.W.2d 173, 176 (Minn.Ct.App.1984), this court held that money obtained for injuries personal to a spouse is nonmarital property. Injuries personal to the spouse include injuries to a person's good health. *Id.* Money obtained to compensate for wages lost during a marriage, on the other hand, is marital property. *Id.* Gerlich has demonstrated, through affidavit, that the worker's compensation settlement was calculated based on the degree to which his back, legs, and sexual function were permanently impaired. Thus, the trial court correctly determined that the worker's compensation settlement is nonmarital property. The supplemental order reserving the issue of how any settlement would

be divided is not res judicata. The order by its terms was not final, and therefore it was not appealable.

■ Distel argues that even if the settlement is nonmarital property, she was entitled to an evidentiary hearing on the issue of unfair hardship. A court may apportion up to one-half òf the nonmarital property of one spouse if the resources of the other spouse "are so inadequate as to work an unfair hardship." Minn.Stat. § 518.58.

Distel did not move the court for an evidentiary hearing on this issue. She contended before the trial court and on appeal that a finding of hardship must be based on the circumstances at the time of the dissolution in 1978, not on her present circumstances. The trial court found that "there has been no showing by [Distel] of 'unfair hardship' either at the time of the initial proceeding or Supplemental Order, or at the present time." There is no reason to believe an evidentiary hearing concerning her financial status in 1978 would have been necessary when the court had before it the entire record containing financial information submitted in 1978. The trial court did not abuse its discretion in relying on the record to find that Distel is not entitled to part of the worker's compensation settlement based on unfair hardship.

## DECISION

The trial court did not abuse its discretion in refusing to retroactively modify Gerlich's child support obligation or in refusing to grant a portion of Gerlich's worker's compensation settlement to Distel on the basis of unfair hardship.

Affirmed.