In re the Marriage of Virginia Lee SHANK, Petitioner, Appellant,

v.

Eugene Douglas SHANK, Respondent.

No. C3–86–1155.

Court of Appeals of Minnesota.

Nov. 18, 1986.

Earl P. Gray, St. Paul, for appellant.

Eugene Douglas Shank, pro se.

Considered and decided by POPOVICH, C.J. and PARKER and HUSPENI, JJ., with oral argument waived.

## MEMORANDUM OPINION

PARKER, Judge.

This appeal is from an amended order modifying child support. We reverse.

## FACTS

The marriage of appellant Virginia Shank and respondent Eugene Shank was dissolved on July 30, 1984. The judgment and decree provided that Eugene would pay $453 per month child support. At the time of the decree, the Shanks had three minor children. One child reached his majority in 1985 and a second in August 1986, leaving one minor child.

In the judgment and decree the trial court found Eugene's net monthly income to be $1,567 and his claimed expenses $1,540. The court found Virginia's net monthly income to be $992 and her claimed expenses $1,444.

Eugene brought a motion to reduce child support in March 1986. He was then still paying $453 per month because the decree did not provide for reductions as the children attained adulthood. Eugene represented himself and submitted an obligor's affidavit showing biweekly gross wages of $1,221.69 and net wages of $1171.10. He claimed monthly expenses of $1,482. Virginia also appeared pro se. No submissions from her appear in the record.

The trial court ordered support reduced to $375 through August 1986 and then to $300 until the youngest child reaches 18. The court found Eugene had net monthly income of about $2,300 and Virginia about $1,100. The court also amended the decree by granting the dependency exemptions to Virginia.

Virginia brought a motion to amend the order, claiming the court failed to follow the support guidelines without giving any reason for departure. At a hearing on the motion, Eugene presented an unsworn document comprising both argument and factual assertions. He claimed Virginia was earning $1,440 per month and providing no support money to the children, each of whom was employed. No testimony was taken.

The trial court made amended findings of fact, conclusions of law and order. The court found Eugene's net monthly income to be $2,000 and Virginia's $1,440. The court found that all four children of the marriage live with Virginia and all are employed, the youngest working only evenings. The court found that the children are providing for themselves, except for food and shelter. The court did not alter the previously ordered reduction in support.

## DECISION

The trial court made no finding that there had been a substantial change of circumstances making the original child support unreasonable and unfair. *See* Minn.Stat. § 518.64, subd. 2 (Supp.1985); *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986). The maturing of the children was within the contemplation of the court in making the original order. No other substantial change of circumstances was shown.

The trial court did have some evidence of the financial circumstances of the parties, but not sufficient evidence to warrant a modification of support.

The trial court altered its findings on Eugene's net monthly income by $300 without any additional evidence and found Virginia's monthly income based on Eugene's unsworn document. Their increases in income, moreover, were about the same. There is no finding as to Virginia's current living expenses and no such evidence in the record.

The trial court may have reduced support based on the income of the minor children. *See Gerlich v. Gerlich*, 379 N.W.2d 689, 691 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. March 21, 1986); Minn.Stat. § 518.17, subd. 4(a) (1984) (court is to consider the financial resources of the child).

There was no evidence, however, of the amount of that income. The court's finding that the minor children are not fully supported by their mother is based only on the unsworn document submitted by Eugene.

Virginia moved to amend the findings and to order support in the guidelines amount. She presented no evidence, however, showing a substantial change of circumstances justifying a modification. Since neither party made the showing required by Minn.Stat § 518.64, subd. 2, we need not remand for further findings.

Reversed.