**In re the Marriage of Diane F. HAFNER, Petitioner, Respondent,**

v.

**Cletus J. HAFNER, Appellant.**

**No. CX–86–1766.**

Court of Appeals of Minnesota.

June 2, 1987.

Paul M. Tatone, Bloomington, for respondent.

Vicki Miller Luoma, Burnsville, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and STONE,* JJ.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

CRIPPEN, Presiding Judge.

Respondent Diane Hafner filed a petition seeking divorce on October 9, 1984. A trial was held on June 6, 1986. Appellant disputes the trial court's division of homestead and pension investments. He also challenges a $1000 award for attorney fees and a finding against his claim that a commingled receipt remained nonmarital property. We affirm.

## FACTS

Cletus and Diane Hafner were married on June 17, 1967. Three children were born of the marriage. At the time of trial, Lisa was 18, Lynette, 17, and Donald, 16.

Appellant Cletus Hafner is 41 years old, and is employed full-time as a carpenter. His net monthly income before credit for maintenance payments is $1,621.86. Respondent Diane Hafner is 39 and is employed full-time as a medical receptionist. Her net monthly income before maintenance is $890.

The major assets of the parties are the homestead, valued at $83,000, with encumbrances of $13,352.73; appellant's pension plan, with a present value of $9532 with retirement at 62; and appellant's profit sharing plan, with a present value of $5,586.63. In addition, in a 1978 worker's compensation settlement, appellant received $10,173.10, which was deposited in the parties' joint savings account. At trial, appellant claimed the settlement was used for home improvements.

The trial court awarded custody of the minor children, as agreed between the parties, and ordered the homestead sold. Appellant was awarded his pension, profit sharing plan, and the homestead, subject to a $42,382.95 cash payment requirement in favor of respondent. The lien represented half of the net equity in the homestead ($34,823.65); half of the present value of the pension with retirement at 62 ($4766); and half of the profit sharing plan ($2,793.15). Respondent was also awarded $350 per month in spousal maintenance. Appellant was ordered to pay $4075 for

spousal maintenance arrearages and previously awarded attorney fees, as well as $1000 for respondent's "temporary and permanent attorney fees and court costs." In addition, the trial court found that since the worker's compensation award had been commingled and could not be traced, it was not entitled to treatment as nonmarital property.

Appellant objects to the disposition of the homestead, the disposition of appellant's pension plan, the trial court's characterization of the worker's compensation award as nonmarital property, and the award of attorney fees.

## ISSUES

1. Did the trial court err in its disposition of the homestead?

2. Did the trial court err in its disposition of the pension?

3. Did the trial court err in treating the worker's compensation award as marital property?

4. Did the trial court err in ordering appellant to pay $1000 of respondent's attorney fees?

## ANALYSIS

### I.

Appellant argues the trial court abused its discretion by awarding respondent a cash award equal to half the full value of the marital property plus interest. Appellant contends this award leaves him with considerably less than half the property, because he must pay all sale and repair expenses in addition to paying interest on the award if the home is not sold immediately.

The trial court's broad discretion in determining awards in dissolution proceedings will be overturned only upon a clear showing that this discretion has been abused. *Podany v. Podany,* 267 N.W.2d 500, 503 (Minn.1978). Based on the evidence presented, we are unable to find an abuse of discretion in the property division in this case. Although appellant contends he faces sale and repair expenses that will

substantially reduce his half of the property award, the evidence does not demonstrate the fact that these expenses will be incurred or the amount of the anticipated expenses. Appellant presented no evidence as to whether the house is to be sold privately or by a realtor, or whether he anticipates any difficulty in selling. Although there was evidence that appellant anticipated some pre-sale work on the house, there was no evidence of the amount he expected to spend for that purpose.

If we could speculate as to the value of the proposed expenses, appellant's argument might have merit. Indeed, if the expenses are significant, he ends up with a decreased award that penalizes him for improving the homestead and effectuating a sale. However, this court cannot act on speculation and the record does not permit us to alter the trial court's decision.

## II.

■ The trial court awarded each party one-half of appellant's pension, with respondent taking her share directly from the proceeds from the sale of the homestead. The trial court determined the present value of the pension benefits at the time of dissolution, and awarded one-half of that amount to respondent. "This method is preferred where there are sufficient assets available at the time of divorce to divide the present value of the retirement benefits without causing an undue hardship to either spouse and where testimony on valuation is not unduly speculative." *Taylor v. Taylor*, 329 N.W.2d 795, 798 (Minn.1983). Appellant argues that this division results in a "gross inequity" because respondent has immediate use of the money, while he must wait to get his share until he retires. Appellant suggests the court should have reserved jurisdiction to divide the benefits if and when they are received.

It was within the trial court's discretion to divide the pension as it did. *Hein v. Hein*, 366 N.W.2d 646, 649 (Minn.Ct.App. 1985); Minn.Stat. § 518.54, subd. 5 (1986). In fact, the trial court's decision coincides with the preference announced in *Taylor*.

There is an issue, it is clear, as to whether appellant actually has the cash available to pay the award. It is not evident that he can do so without some hardship. Again, however, we are left with a record that does not demonstrate that the hardship is such that the law compels a trial court determination for future payment. *See Taylor*, 329 N.W.2d at 798.

## III.

■ Minn.Stat. § 518.54, subd. 5 provides that property acquired during the marriage relationship is presumed to be marital property. A personal injury recovery is nonmarital property if it compensates for loss of long-held good health. *Van de Loo v. Van de Loo*, 346 N.W.2d 173, 176 (Minn.Ct.App.1984). The burden of proving that the amount of the recovery was awarded for personal injuries and not for replacement of marital property, such as lost wages, is on the party seeking the nonmarital classification. *Id.* at 177.

■ Minn.Stat. § 518.54, subd. 5(c) provides that property acquired during the marriage in exchange for nonmarital property remains nonmarital. The party seeking a nonmarital classification must show by a preponderance of the evidence that the asset is readily traceable to a nonmarital source. *Kottke v. Kottke*, 353 N.W.2d 633, 636 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Dec. 20, 1984).

■ Thus, before the court would treat the 1978 worker's compensation award as nonmarital property, appellant had to prove that the award was received for personal injuries sustained and not for lost wages, and that improvements to the home were acquired in exchange for the nonmarital property. The trial court did not identify the purpose of the award, but found that the money was not specifically traceable and was commingled, precluding treatment as a nonmarital interest in the home.

Appellant does not dispute the fact that the 1978 award was commingled and used for various purposes by the parties. However, he argues that because it was originally nonmarital property, and some of it

was used for home improvements, he should be allowed to recover the award, plus appreciation in value at the same rate as the homestead's appreciation. Appellant's argument fails, first, because he failed to prove that the purpose of the award was for personal injuries and was thus initially nonmarital property. Second, even accepting appellant's assertion that the award was initially nonmarital, he failed to show that the money was invested in a readily traceable asset. Although the evidence indicated home improvements were made with money from the award, there is no evidence as to the amount of work done, the costs of improvements, or the effect of those improvements on the cost of the home. Absent this proof, we cannot say the trial court erred in characterizing the award as marital property.

## IV.

It is well settled that discretion to allow attorney fees in a dissolution action rests almost entirely with the trial court. *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn. Ct.App.1984). Here, the trial court awarded respondent $1000, finding that appellant has superior earning ability and that there was an equal division of the property. Appellant disputes this award, suggesting that the property award was very unfavorable as to him.

As we have already stated, appellant's argument concerning the inequity of the property settlement is not supported by the evidence. From the record, it is evident that after factoring in the maintenance award, the parties' financial receipts are relatively equal. This being the case, the trial court did not abuse its discretion in awarding respondent $1000 in attorney fees. *See Campion v. Campion,* 385 N.W.2d 1, 6 (Minn.Ct.App.1986); *Hein,* 366 N.W.2d at 651. We note also the trial court could have properly taken into account that appellant was over $4000 in arrears for maintenance payments, thus substantially reducing respondent's financial resources.

## DECISION

On the record here, the trial court did not abuse its discretion in awarding respondent a cash award to offset an award of the home and pension benefit to appellant, or in awarding respondent $1000 attorney fees. The court properly treated appellant's 1978 worker's compensation .award as marital property since appellant failed to show the money was nonmarital property invested in a readily traceable asset.

Affirmed.