In re the Marriage of Patricia Ann Thompson WARD, petitioner, Respondent,

v.

David Gene WARD, Appellant.

No. C0–89–1371.

Court of Appeals of Minnesota.

April 10, 1990.

Review Denied June 6, 1990.

Patricia A. Dolentz, St. Cloud, for respondent.

Marianne M. Milloy, Brainerd, for appellant.

Considered and decided by WOZNIAK, C.J., and RANDALL and SCHUMACHER, JJ.

## OPINION

WOZNIAK, Judge.

David Ward appeals from the decree entered in a marital dissolution proceeding. He challenges the trial court's division of the proceeds he received in settling a personal injury claim. The trial court characterized the proceeds as marital property and awarded half to respondent, Patricia Ann Thompson Ward. Appellant also disputes the trial court's finding that, even if nonmarital property, the proceeds should be apportioned to "achieve equity." We reverse.

## FACTS

The parties were married in 1966. In August 1984, David injured his back while working as a truck driver on a maintenance crew. He also performed carpentry work for his employer. He began receiving disability payments, his employer paid his medical expenses, and he returned to work. David resigned in 1985 due to continuing back problems. He had been earning a net monthly income of $1,200 while permanently employed. Since 1985; he has worked intermittently.

David began a personal injury action against his employer and the manufacturer of a product he was handling at the time of injury. He borrowed against an impending settlement of his claims and used part of the loan to pay marital debts. Another part of the loan was used by Patricia to secure living quarters when she left the parties' home in June 1987. David received the settlement proceeds in April 1988, almost a year after the parties separated. No workers' compensation was paid.

In July 1987, Patricia petitioned for dissolution of the marriage. The parties stipulated to her custody of the remaining minor child, to a waiver of spousal maintenance, and to an equal division of personal property as well as marital debt. Real property was transferred to David in exchange for Patricia's retention of her employee profit sharing plan. The parties were unable to agree on the amount of child support to be paid and the marital/nonmarital classification of David's personal injury settlement.

David has been enrolled in a vocational course which will enable him to be employed as an activity director in an elderly care setting. His back injury prevents him from continuing work in carpentry or as a truck driver. At the hearing, David testified that he is forced to leave school during the day because of back pain. He cannot canoe, ride a motorcycle, has difficulty shaving, and is restricted in the amount of weight he can lift. David also testified that he has restricted range of motion in his right hip and leg.

Patricia is employed as an office manager and earns a net monthly income of $1,187. She has held her current position for eight years. Her benefits include paid vacation, profit sharing, health insurance, and disability benefits.

The trial court awarded child support of $300 monthly based on David's ability to earn $1,200 net per month. David does not contest the child support award. The sole issue on appeal is the trial court's division of the personal injury settlement. The trial court found the remaining $48,000 of the

settlement to be a marital asset and awarded Patricia half.

## ISSUES

1. Did the trial court err in treating the personal injury settlement as marital property?

2. Did the trial court err in finding that the settlement should be apportioned if it is nonmarital property?

## ANALYSIS

1. Again we are confronted with the important question of whether proceeds of a settlement recovered by a spouse for his or her personal injuries sustained during the parties' marriage constitute marital property subject to distribution upon dissolution of the marriage or whether they are the separate, nonmarital property of the injured spouse. In light of the differences between an award of workers' compensation, a judgment obtained in a tort action brought to recover for personal injuries, and a settlement of a personal injury lawsuit, we renew our attention to the method of determining the marital/nonmarital nature of the proceeds received.

Minn.Stat. § 518.54, subd. 5 (1986) defines marital and nonmarital property. Property acquired during the marriage and before a decree of legal separation is presumed to be marital property.[1] Minn.Stat. § 518.54, subd. 5 (1986). However, when property acquired during the marriage is acquired in exchange for property acquired either before or after the marriage, it retains the nonmarital character of the exchanged-for property. Minn.Stat. § 518.54, subd. 5(b)–(d). Following this approach, we have held that the characterization of monies realized from a personal injury award or settlement depends upon the purpose of recovery. *Van De Loo v. Van De Loo*, 346 N.W.2d 173, 176 (Minn.Ct.App.1984).

Proceeds from a personal injury claim may be composed of many elements of recovery. Some part may represent compensation for injury to or loss of marital property, for injury to the separate property of the noninjured spouse, and for injury to the separate property of the injured spouse. Injury to marital property includes the wages lost during the parties' marriage, lost earning capacity experienced during the marriage, and medical expenses paid out of marital funds. Injury to the separate property of the noninjured spouse includes loss of consortium. Injury to the separate property of the injured spouse includes pain, suffering, and disability, as well as economic losses which occur prior to the parties' marriage or subsequent to its termination.

It is the amount of recovery allocated for loss of marital property which is subject to distribution upon dissolution of the marriage. *See id.* at 177. The amount allocated for loss to either spouse's separate property retains its nonmarital character. *Id.* at 175–76; *see also Gerlich v. Gerlich*, 379 N.W.2d 689, 691 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. Mar. 21, 1986). Because the purpose of recovery determines whether it is marital or nonmarital property, we will more closely examine the nature of the loss being compensated.

Workers' compensation awards differ significantly from a tort award for personal injury. Whereas the amount of workers' compensation is based on lost earning capacity, only the tort action includes damages for pain and suffering. Settlement of such a tort claim brings extrinsic factors to bear on the amount negotiated. The factors considered include the risk and expense associated with litigation, the difficulty in surmounting a claim of contributory negligence or in establishing damages, the relative abilities of the parties to meet their burdens of proof, and the availability of evidence. Consideration of the

---

1. Minn.Stat. § 518.54, subd. 5 has since been amended to change the event which terminates when the acquisition of property is presumed marital from the date of the dissolution decree to the "valuation date." 1988 Minn. Laws ch. 590, § 1. For the purpose of property division, the court values marital assets as of the day the dissolution proceeding is commenced, unless the parties agree to a different date. 1988 Minn. Laws ch. 590, § 2 (amending Minn.Stat. § 518.58, subd. 1).

risk and expense of litigation alone may operate to reduce the amount received in settling the claim. Damages for pain and suffering may be the only element of loss left compensated by a negotiated settlement.

■■■ Recovery for noneconomic damages such as pain and suffering stands on a different footing than recovery for the economic losses caused by injury. Pain and suffering, disability, and loss of the ability to lead a normal, healthy life are losses personal to the injured spouse. *See Gerlich*, 379 N.W.2d at 691; *Van De Loo*, 346 N.W.2d at 177. The physical and mental health of a spouse is not a marital asset which can be distributed upon the dissolution of the parties' marriage. Compensation for loss of health is not marital property. It would be unfair for the other spouse to benefit from the misfortune of the injured spouse. As has been reasoned elsewhere, the law does not require either spouse to contribute his or her bodily health and powers to the assets distributed as marital property. *Johnson v. Johnson*, 317 N.C. 437, 450, 346 S.E.2d 430, 437 (1986) (citations omitted).

■■■ This case also raises the issue of future economic damages, an issue not previously addressed by this court. The concept of personal security has been helpful in determining the nature of a loss in earning capacity sustained *after* marital dissolution caused by injuries which occurred *during* the marriage.

> A "right to personal security" is owned by an individual and is brought into the marriage by the individual, thus it is his separate property. The right is not "acquired during marriage." Compensation for a violation of the right, whether or not the injury occurred during the marriage, is also separate property.

*Bugh v. Bugh*, 125 Ariz. 190, 192, 608 P.2d 329, 331 (Ariz.Ct.App.1980). Otherwise stated, each person possesses the right to personal financial security arising from his or her own capacity to work and earn a living. *Cook v. Cook*, 102 Idaho 651, 653, 637 P.2d 799, 801 (1981).

As it becomes more common for both spouses to participate in the work force, it is important to maintain the integrity of each spouse's personal security. After the dissolution of a marriage, the parties no longer contribute to or are sustained by the marital estate. Personal security, once sought through joint efforts to acquire and preserve marital property, becomes dependent on individual effort. Compensation received for lost wages or lost earning capacity sustained by either party subsequent to dissolution is nonmarital property.

■■■ Thus, to the extent that a personal injury award or settlement received during marriage compensates for future loss of wages, future loss of earning capacity, or future medical expenses attributable to the time following marital dissolution, the compensation is nonmarital property. *See Weakley v. Weakley*, 731 S.W.2d 243, 244 (Ky.1987).

■■■ The trial court found that David had failed to prove that the personal injury settlement received during the parties' marriage was nonmarital in nature. The burden of proving the purpose of part or all of the recovery is on the party seeking nonmarital classification. *Van De Loo*, 346 N.W.2d at 177.

■■■ Patricia argues that David must prove the purpose of the recovery by a preponderance of the evidence. Her reliance on *Hafner v. Hafner*, 406 N.W.2d 590 (Minn.Ct.App.1987), is misplaced. In *Hafner*, inability to trace the nonmarital purpose of a workers' compensation award to its use in making improvements to the family home precluded an award of nonmarital interest in the home. 406 N.W.2d at 593–94. Preponderance of the evidence is the standard for showing that an asset is readily traceable to a nonmarital source. *Id.* at 593.

■■■ David testified that he understood the settlement was to compensate him for personal injury, lost future wages, and future medical expenses. He also submitted the affidavit of the attorney, an officer of the court, who represented him in the lawsuit. The attorney's signed, notarized

statement unequivocally stated that the entire amount of the settlement was to compensate David for personal injuries, that the settlement was not for payment of medical expenses which were paid separately and which were stipulated, and that the settlement was not for lost wages. Patricia's bare allegation that the settlement was received in compensation for lost wages, pain and suffering, medical costs, and costs of living is insufficient to rebut the sworn affidavit of a person disinterested in the outcome of their dispute.

We are not persuaded by Patricia's argument that, because the settlement was received in consideration for the release of all claims arising out of the injury, it was necessarily received in compensation for past wages. The mere recitation of the claims released in settlement documents does not establish the purpose of the recovery. It is standard practice to list in such a release not only actual claims, but also potential claims regardless of their merit. For example, the recitation in the release signed by David included any claim for pension benefits. Such a claim is non-existent; David resigned his position before his pension vested.

With the unrebutted affidavit of his attorney, David met the burden of proving the nonmarital nature of the proceeds he received.

■■■ 2. The trial court is authorized to apportion up to one-half of nonmarital property when either spouse's resources or property, including the marital property awarded the spouse, are so inadequate as to work an unfair hardship. Minn.Stat. § 518.58 (1986). "It is an unusual case where nonmarital property is distributed." *Dammann v. Dammann*, 351 N.W.2d 651, 653 (Minn.Ct.App.1984).

If the court apportions nonmarital property, it must make specific findings in support of apportionment based on all relevant factors and those included in section 518.-58. *Id.* The trial court must make a finding of unfair hardship. *Wolter v. Wolter*, 395 N.W.2d 417, 420 (Minn.Ct.App.1986).

The trial court found that apportionment of David's personal injury settlement is necessary to "achieve equity." No finding of unfair hardship was made. Although failure to make required findings is a clear abuse of discretion, remand is not necessary when, on the basis of the record, no finding of undue hardship could be made. *See id.* at 420.

A very severe disparity between the parties is required to sustain a finding of unfair hardship necessary to apportion nonmarital property. The record shows that Patricia has been employed in the same position for eight years, earns $1,187 monthly net income, plus a benefit package. In contrast, David is in a period of retraining. His future income is unknown. In addition, David will be paying $300 a month for child support, an obligation he has not challenged. If anything, the record shows David to be in a more precarious financial situation than Patricia.

## DECISION

The trial court erred in awarding respondent half of the remaining proceeds received by appellant in settlement of his personal injury lawsuit by characterizing the proceeds as marital property and by finding apportionment necessary if the proceeds are nonmarital property.

Reversed.