**In Re the Marriage of Debra K. SWANSON, petitioner, Appellant,**

v.

**Timothy D. SWANSON, Respondent.**

No. CX–98–333.

Court of Appeals of Minnesota.

Aug. 25, 1998.

Review Denied Oct. 20, 1998.

Scott Richardson, Richardson Law Office, Austin, for appellant.

Richard E. Tollefson, Smith & Tollefson, Owatonna, for respondent.

Considered and decided by Willis, P.J., HUSPENI and SCHULTZ, JJ.

## OPINION

HAROLD W. SCHULTZ, Judge.*

In this appeal from the judgment and decree of dissolution and the order denying posttrial motions, Debra K. Swanson seeks review of the trial court's treatment of respondent Timothy D. Swanson's disability retirement benefits. The trial court awarded appellant one-half of the parties' marital contributions to the disability retirement plan and considered respondent's monthly benefits as income in determining his child support obligation, but refused to award appellant a share of the monthly benefits. Because respondent's disability annuity is marital property subject to division, we reverse and remand.

## FACTS

The parties were married in 1976 in Minnesota. The parties have three children, two of whom were still minors when the marriage was dissolved.

Shortly after their marriage, the parties moved to California where respondent

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 10.

worked as a correctional officer at a state prison. In June 1993, respondent was injured as a result of an altercation with an inmate. Respondent was placed on disability retirement in June 1995. Under the Public Employees Retirement System in California (CAL PERS), respondent could elect to receive a refund of his accumulated contributions to the disability plan instead of a retirement allowance.

The parties' entire contributions to the CAL PERS plan, totaling $22,336.90, were made during the marriage. Instead of a refund of the accumulated contributions, respondent chose to receive a monthly benefit in the amount of $1,970. The monthly benefit is nontaxable. If respondent obtains new employment with the State of California, the disability benefit would be adjusted so that the total of respondent's income from employment and the disability benefit would not exceed the current salary for a correctional officer.

The parties moved back to Minnesota in 1995 and subsequently commenced this marital dissolution action. After her return to Minnesota, appellant obtained a two-year degree in accounting. At the time of the dissolution trial, appellant was working part time for the local school district and was looking for full-time employment. In addition to his disability income, respondent was earning approximately $10 per hour from part-time employment.

Respondent received a worker's compensation award of $65,000 for the injury he incurred while working as a correctional officer in California. Appellant did not claim that respondent's worker's compensation award was marital property nor did she seek a division of that award.

At the time of the dissolution trial, the parties still owned their marital home in California. The parties agreed that the mortgages on the home exceed its fair market value. Appellant does not own any real property in Minnesota but lives with the children in a rented home. Respondent lives in the home he purchased, and owns two rental properties in Minnesota.

The trial court awarded the parties' former homestead in California to respondent, directing him to assume responsibility for the mortgages on the homestead. The trial court awarded the real property respondent owns in Minnesota to him, finding that the property is nonmarital because it was purchased with the proceeds from respondent's worker's compensation award. The parties were awarded the personal property in their possession. The trial court found that neither party is entitled to an award of spousal maintenance. Appellant was awarded physical custody of the parties' minor children.

The trial court awarded respondent sole title and possession to his retirement disability payments from CAL PERS but provided that the payments would be considered in determining respondent's child support obligation. Appellant was awarded the sum of $11,168.45, representing one-half of the marital contribution of the parties, including interest, to CAL PERS. Respondent was directed to pay appellant $745.75 per month for child support.

## ISSUE

Did the trial court err in treating respondent's monthly retirement disability benefit as income and refusing to divide the benefit between the parties?

## ANALYSIS

■■■ Determination of disability funds as income or marital property is a question of law. *Watson v. Watson,* 379 N.W.2d 588, 590 (Minn.App.1985). The appellate court need not defer to the trial court in reviewing questions of law. *Durfee v. Rod Baxter Imports, Inc.,* 262 N.W.2d 349, 354 (Minn.1977). In this case, the trial court determined that the parties' contributions to the CAL PERS plan are marital property and that the ongoing disability payments are income.

The statutory definition of "marital property" includes vested public or private pension plan benefits or rights acquired by the parties during the marriage. Minn.Stat. § 518.54, subd. 5 (1996). Pension and disability payments are also included under the statutory definition of "income." Minn.Stat. § 518.54, subd. 6 (Supp.1997). Subdivision

6 of section 518.54 cannot be read to include only items of income because it mentions, among others, pension payments that are also listed as marital property in subdivision 5 of the same section. *VanderLeest v. VanderLeest*, 352 N.W.2d 54, 58 (Minn.App.1984).

Although not specifically identified in Minn.Stat. § 518.54, subd. 5, nonvested pensions are included within the definition of marital property. *Janssen v. Janssen*, 331 N.W.2d 752, 756 (Minn.1983). Similarly, a spouse's right to receive a disability annuity can be construed as a marital asset to be divided. *VanderLeest*, 352 N.W.2d at 57.

Appellant contends that instead of awarding her one-half of the parties' total contributions to CAL PERS, the trial court should have divided respondent's monthly benefit. We agree. A lump sum award to appellant would have been appropriate if respondent had elected to receive reimbursement for the contributions to CAL PERS rather than a retirement allowance. Respondent's monthly disability benefits are marital property and should have been divided between the parties. *See Watson*, 379 N.W.2d at 591 (trial court erred in failing to determine husband's disability annuity as marital property and award wife a share of husband's monthly annuity).

Respondent argues that the disability payments are analogous to a personal injury award for future loss of earning capacity. To the extent that a personal injury award or settlement received during the marriage compensates for future loss of wages or earning capacity attributable to the time following the marriage dissolution, the compensation is nonmarital property. *Ward v. Ward*, 453 N.W.2d 729, 732 (Minn.App.1990), *review denied* (Minn. June 6, 1990). Respondent contends that he is entitled to the entire monthly disability benefit in accordance with the *Ward* court's emphasis on the importance of maintaining the integrity of each spouse's personal financial security arising from his or her own capacity to work and earn a living. *See id.*

*Ward* is distinguishable from this case because, unlike a personal injury award, respondent's right to receive his disability annuity resulted from years of working for an employer and making contributions to the benefit plan during the marriage. Appellant is entitled to share in respondent's disability annuity because it is an asset accrued during the marriage. *See VanderLeest*, 352 N.W.2d at 57 (wife should not be denied right to share in husband's disability benefits acquired through marital employment merely because disability rights are never strictly mature in sense that vested pension is).

Moreover, in determining an equitable property division, the court is to consider all relevant factors, including the health and employability of each party. Minn.Stat. § 518.58, subd. 1 (1996).

The trial court's division of marital property need not be mathematically equal but need only be just and equitable. *Ruzic v. Ruzic*, 281 N.W.2d 502, 505 (Minn.1979). In determining an equitable division of respondent's disability pension benefit, the extent to which respondent's employability has been affected by his injury would be a relevant factor.

Although property, respondent's share of the disability benefit must be considered in determining his child support obligation. *See* Minn.Stat. § 518.551, subd. 5(c)(1) (1996) (court is to consider all earnings, income, and resources of parents, including real and personal property, in determining child support); *Tell v. Tell*, 383 N.W.2d 678, 686 (Minn.1986) (property settlement payments received pursuant to dissolution decree are properly considered financial resource available to parent in determining ability to pay child support). In this case, apportionment of the disability benefit between the parties may reduce respondent's income and require recalculation of child support on remand.

## DECISION

The trial court erred in awarding appellant one-half of the parties' contributions to CAL PERS rather than dividing respondent's monthly disability benefits as marital proper-ty. On remand, the trial court shall make an equitable division of the disability benefits and reconsider the child support award.

**Reversed and remanded.**