**Angela Michelle WALSWICK–BOUTWELL, Petitioner, Respondent,**

v.

**William Thurston BOUTWELL, Jr., Appellant.**

**No. C4–02–1791.**

Court of Appeals of Minnesota.

June 17, 2003.

Timothy J. McLarnan, McLarnan, Hannaher & Skatvold, P.L.L.P., Moorhead, for respondent.

Timothy H. Dodd, Detroit Lakes, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge, WILLIS, Judge, and HUDSON, Judge.

## OPINION

KLAPHAKE, Judge.

Appellant William Boutwell challenges the district court's amended judgment awarding a portion of his disability annuity to respondent Angela Walswick–Boutwell as marital property, while basing child support on the remainder of the annuity, as well as the district court's calculation of his contribution to child-care expenses. Because the district court did not err in determining that appellant's disability annuity is marital property, but that the portion reserved to appellant is income for purposes of child support, we affirm in part. Because the district court erred by not subtracting the cost of appellant's dependent health insurance from his gross income in calculating net income, we reverse in part and remand for recalculation of appellant's child-care contribution.

## FACTS

The parties were married on September 21, 1991, and have two minor children. Respondent filed for marriage dissolution in June 2001. Appellant worked for 12 years as a policeman, including 10 years during the marriage, until he suffered a

severe work-related back injury on March 1, 2000. He was unable to successfully return to work and in March 2001 was awarded $573 per week in workers' compensation temporary total disability benefits. In April 2001, he began receiving $795 per month in disability income benefits as well from Minnesota Public Employees Retirement Association (PERA).

In October 2001, appellant entered into a stipulated settlement of his workers' compensation claim, agreeing to a lump-sum payment of future retraining benefits in the amount of $57,000 net. He also stipulated to the discontinuance of temporary total disability benefits. As a result, his PERA disability income benefit increased to $2,123 per month. As a former police officer, respondent had the option of receiving a statutory disability benefit equal to 60% of his average salary, with various adjustments, or an optional annuity. He chose to receive the optional annuity, a single life benefit with no survivorship benefit. This disability annuity will become a retirement benefit at age 65. Upon his death prior to age 65, any lump sum remaining will be paid to a surviving current spouse, dependent children, or a designated beneficiary.

The district court awarded respondent $400 per month from appellant's disability benefits as marital property. Because of appellant's disability, however, the district court limited the award to $400 per month as an equitable, rather than equal, division of marital property. The district court also awarded respondent a marital interest in appellant's retirement pension, to be paid when appellant turns 65. The district court did not award any part of the workers' compensation settlement to respondent. In addition, appellant was ordered to pay child support based on his net monthly income minus the $400 marital property payment to respondent. He pays $217 per month for health insurance for himself and the minor children.

### ISSUES

1. Did the district court err in awarding respondent a portion of appellant's disability annuity as marital property while calculating child support based on the remaining portion of the annuity?

2. Did the district court err in its calculation of appellant's child-care contribution?

### ANALYSIS

■■■ The determination of whether disability funds are income or marital property is a question of law, subject to de novo review. *Swanson v. Swanson*, 583 N.W.2d 15, 17 (Minn.App.1998), *review denied* (Minn. Oct. 20, 1998). The district court has broad discretion in the division of marital property. *Chamberlain v. Chamberlain*, 615 N.W.2d 405, 412 (Minn. App.2000), *review denied* (Minn. Oct. 25, 2000). On appeal, we will "affirm the trial court's division of property if it had an acceptable basis in fact and principle even though this court may have taken a different approach." *Servin v. Servin*, 345 N.W.2d 754, 758 (Minn.1984) (citations omitted).

### 1. Disability Benefits

This court has consistently treated disability benefits as marital property. *See Swanson*, 583 N.W.2d at 18 (stating that "spouse's right to receive a disability annuity can be construed as a marital asset to be divided"); *Watson v. Watson*, 379 N.W.2d 588, 591 (Minn.App.1985); *VanderLeest v. VanderLeest*, 352 N.W.2d 54, 57 (Minn.App.1984).

■■■ Appellant argues that, unlike *Swanson*, which involved a California pension benefit, his disability benefit is ex-

empt from attachment, garnishment, or legal process by virtue of Minn.Stat. § 353.15, subd. 1 (2002) ("No money, annuity, or benefit provided for in this chapter [regulating PERA] is assignable or subject to any state estate tax, or to execution, levy, attachment, garnishment, or legal process, except as provided in * * * section 518.58, 518.581, or 518.6111.").

Appellant asserts that because Minn. Stat. § 518.58, subd. 4 (2002), deals specifically with pension plans and not disability benefits, PERA disability benefits are necessarily exempted from legal process under Minn.Stat. § 353.15. Minn.Stat. § 518.58, subd. 1 (2002), however, grants broad discretion to the district court to make a just and equitable division of marital property. The definition of "marital property" includes "vested public or private pension plan benefits or rights." Minn.Stat. § 518.54, subd. 5 (2002).

Appellant argues that pension benefits or rights are retirement benefits only and distinguishable from disability benefits. Although retirement benefits, disability benefits, and survivor benefits are treated in separate provisions of the same chapter, Minn.Stat. §§ 353.651, .656, and .657 (2002) respectively, the funding source for each of these benefits is the same, the police and firefighters fund. Minn.Stat. § 353.65 (2002). The particular optional annuity selected by appellant is governed by Minn. Stat. § 353.30, subd. 3 (2002), which is entitled "Annuities upon Retirement." Furthermore, "retirement" itself is defined by Minn.Stat. § 353 as

> the commencement of payment of an annuity based on a date designated by the board of trustees * * * [that] determines the rights under this chapter which occur either before or after retirement.

Minn.Stat. § 353.01, subd. 28 (2002). Thus, Minn.Stat. § 353 treats the concept of "retirement" expansively, encompassing disparate benefits within the same term.

The supreme court has previously construed Minn.Stat. § 518.54, subd. 5, as "operat[ing] to give an expansive definition of what constitutes marital property." *Janssen v. Janssen*, 331 N.W.2d 752, 755 (Minn.1983). The district court could properly conclude that appellant's disability annuity was marital property.

■ Appellant also argues that the district court improperly treated his annuity as both marital property and as income for purposes of awarding child support. Appellant relies on *Kruschel v. Kruschel*, 419 N.W.2d 119 (Minn.App.1988), where this court stated, "there is support for [the] argument that the pension should be viewed as property or income, but not as both." *Id.* at 122.

Appellant's reliance on *Kruschel* is misplaced. Although appellant asserts that he is being "unfairly treated" by the district court, this court affirmed the same approach in both *Swanson* and *Watson*. *Swanson*, 583 N.W.2d at 18 (directing district court to consider disability benefit less that portion paid in satisfaction of marital property division to determine child support obligation); *Watson*, 379 N.W.2d at 591 (directing district court on remand to reconsider child support award based on respondent's lowered income due to partial apportionment of disability income as marital property).

This approach is consistent with the statutory definitions of "marital property" and "income," which imply an overlap between these two categories. As noted in *Swanson*, both Minn.Stat. § 518.54, subd. 5 (marital property) and subd. 6 (2002) (income) include pension plan benefits in their respective definitions. *Swanson*, 583 N.W.2d at 17–18. Although the disability annuity is marital property, it is also in-

come or a resource to be considered in setting child support. Minn.Stat. § 518.551, subd. 5(c)(1) (2002); *Swanson,* 583 N.W.2d at 18. We conclude that the district court did not abuse its discretion by treating a portion of the monthly benefit as marital property and the remaining portion as income for purposes of child support.

### 2. Child-care Expense Contribution

■ Appellant argues that the district court erred in calculating his contribution toward child-care expenses. A party's contribution to child-care expenses is based on the proportion of the party's net income to the total income of the parties. Minn.Stat. § 518.551, subd. 5(b) (2002). "Net income" is defined as total monthly income less federal and state taxes, social security, and reasonable pension deductions and, among other possible deductions, child support and "Cost of Dependent Health Insurance Coverage." *Id.*

In the amended judgment, the district court subtracted appellant's child support obligation of $517 and the marital property payment of $400, but failed to subtract appellant's monthly payment of $217 for dependent health care. We conclude that the district court erred in failing to deduct the cost of dependent health care when calculating appellant's child-care contribution.

### DECISION

The district court did not err in awarding a portion of appellant's disability annuity to respondent as marital property, while determining child support based on the remaining portion of the annuity. Because the district court erred in its calculation of appellant's child-care contribution by failing to deduct the cost of dependent health care, we reverse and remand this issue to the district court.

Affirmed in part, reversed in part, and remanded.